**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CORNELIUS HILL | : |
| and | : |
| TRUDIE HASTINGS HILL, h/w | : |
| | : |
| v. | : |
| | : |
| NSB NIEDERELBE | : |
| SCHIFFAHRTSGES.mbH & CO. | : |
| and | : |
| F. LAEISZ SCHIFFAHRTSGES.mbH & CO. | : |
| and | : |
| CROWLEY AMERICAN TRANSPORT | : |

**ORDER**

**AND NOW**, this _____ day of _____, 2002, upon consideration of the Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, of Defendant F. LAEISZ SCHIFFAHRTSGES.mbH & CO., and any responses thereto, it is hereby **ORDERED, ADJUDGED** and **DECREED**, that the Motion is **GRANTED**, and Plaintiffs' action against Defendant F. LAEISZ SCHIFFAHRTSGES.mbH & CO. is hereby **DISMISSED**.

**BY THE COURT:**

_____
                                             **J.**

0674786.01

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CORNELIUS HILL | : |
| and | : |
| TRUDIE HASTINGS HILL, h/w | : |
| | : |
| v. | : |
| | : |
| NSB NIEDERELBE | : |
| SCHIFFAHRTSGES.mbH & CO. | |
| and | : |
| F. LAEISZ SCHIFFAHRTSGES.mbH & CO. | : |
| and | : |
| CROWLEY AMERICAN TRANSPORT | : |

**MOTION TO DISMISS OF DEFENDANT,**
**F. LAEISZ SCHIFFARHRTSGES.mbH & CO.**

Defendant, F. LAEISZ SCHIFFAHRTSGES.mbH & CO. ("Laeisz"), by and through its attorneys, RAWLE & HENDERSON LLP, hereby moves this Honorable Court to dismiss Plaintiffs' complaint pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure and, in support thereof, asserts the following:

1.      On or about May 2, 2002, plaintiffs, Cornelius Hill and Trudie Hastings Hill, husband and wife, both residents of the Commonwealth of Pennsylvania, filed a Complaint against NSB Niederelbe Schiffahrtsges.mbH & Co., F. Laeisz Schiffahrtsges.mbH & Co. and Crowley American Transport, in the United States District Court for the Eastern District of Pennsylvania, at civil action No. 02-CV-2713 for personal injuries sustained by Cornelius Hill in an accident occurring while he was employed as a longshoreman aboard the M/V SEA PANTHER on August 25, 2000.  See Plaintiffs' Complaint attached hereto as Exhibit "A."

2.      At the time of the alleged accident Cornelius Hill was employed as a longshoreman by Delaware River Stevedores.

3.      Defendant F. Laeisz Schiffahrtsges.mbH & Co. ("Laeisz"), is a German Corporation with its principal place of business in Germany.

0674786.01

### A. PLAINTIFF FAILED TO PROPERLY SERVE THE COMPLAINT ON DEFENDANT, F. LAEISZ SCHIFFARHRTSGES.mbh & CO.

4. Plaintiffs sent the original summons and complaint to Laeisz through International Certified Mail. See Return of Service attached hereto as Exhibit "B."

5. Service of process in this matter is invalid because it was not effected in compliance with the Convention on the Service of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention).

6. Defendant, which has its place of business in and was established under the laws of the Federal Republic of Germany is entitled to the protections of the Hague Convention.

7. Entered into between the United States, Germany and eighteen other countries, the Hague Convention is concerned with the service of process on foreign defendants who reside in countries who are parties to the Treaty.

8. The terms of the Treaty provide that each signatory country may reject certain general provision and append the specific requirements for valid service of process within that country.

9. In signing the Treaty, Germany specified that judicial documents be forwarded through one of various designated Central Authorities and that such documents be written in, or translated into, the German language.

10. In the instant case, the Summons and Complaint were mailed directly to Laeisz and did not include a German language translation.

11. Based on the above, this Court should dismiss the current action because plaintiffs have failed to serve the judicial documents pursuant to the Hague Convention.

### B. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT, F. LAEISZ SCHIFFARHRTSGES.mbh & CO.

0674786.01

12. Additionally, dismissal is proper in the instant action because this Court does not have personal jurisdiction over defendant, Laeisz, a German corporation with no employees or offices in this Commonwealth of Pennsylvania.

13. The M/V SEA PANTHER was chartered to Crowley American Transport ("Crowley") whereby Crowley, not Laeisz, was operating the M/V SEA PANTHER at the time of alleged incident.

14. However, since defendant Laeisz has not even been served with the Complaint, defendant Laeisz believes that it is premature to pursue dismissal of the Complaint on the ground that it lacks personal jurisdiction at this time; defendant Laeisz is raising the defense of this point so as not to waive it.    **WHEREFORE**, defendant, F. Laeisz Schiffahrtsges.mbH & Co., respectfully request this Honorable Court to grant this Motion and dismiss the action against it.

                                                **RAWLE & HENDERSON, LLP**

By: _____
Carl D. Buchholz, III, Esquire
Charles W. McCammon, Esquire

The Widener Building
One South Penn Square
Philadelphia, PA  19107
Tel: 215-575-4200

Attorneys for Defendant,
F. Laeisz Schiffahrtsges.mbH & Co.

Date: _____

0674786.01

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CORNELIUS HILL | : |
| and | : |
| TRUDIE HASTINGS HILL, h/w | : |
| | : |
| v. | : |
| | : |
| NSB NIEDERELBE | : |
| SCHIFFAHRTSGES.mbH & CO. | : |
| and | : |
| F. LAEISZ SCHIFFAHRTSGES.mbH & CO. | : |
| and | : |
| CROWLEY AMERICAN TRANSPORT | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT, F. LAEISZ SCHIFFARHRTSGES.mbH & CO.**

**I.     INTRODUCTION**

**I.     INTRODUCTION**

On or about May 7, 2002, plaintiffs Cornelius Hill and Trudie Hastings Hill, husband and wife, both residents of the Commonwealth of Pennsylvania, filed a Complaint against NSB Niederelbe Schiffahrtsges.mbH & Co., F. Laeisz Schiffahrtsges.mbH & Co. and Crowley American Transport, in the United States District Court for the Eastern District of Pennsylvania, in No. 02-CV-2713 for personal injuries sustained by Cornelius Hill in an accident occurring while he was employed as a longshoreman aboard the M/V SEA PANTHER on August 25, 2000.  See Plaintiffs' Complaint attached hereto as Exhibit "A."  At the time of the alleged accident Cornelius Hill was employed as a longshoreman by Delaware River Stevedores. Defendant F. Laeisz Schiffahrtsges.mbH & Co. ("Laeisz"), is a German Corporation with its principal place of business in Germany. Plaintiff served the Summons and Complaint by International Registered Mail.  See Return of Service attached hereto as Exhibit "B."

**II.     ARGUMENT**

0674786.01

     **A.**     **<u>Rule 12(b) Motion To Dismiss</u>**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a party may assert the defenses of insufficiency of process and insufficiency of service of process in a motion to dismiss or in an Answer. See F.R.C.P. 12(b). Defendant Laeisz has not answered the original Complaint instead filing the instant Motion to Dismiss.

     **B.**     **Plaintiffs Failed to Properly Serve The Complaint On Defendant Swan And, <u>As Such, The Action Should Be Dismissed</u>**

Rule 4(f) of the Federal Rules of Civil Procedure requires service not within any judicial district of the United States to be as authorized by the Hague Convention on the Service of Judicial and Extrajudicial Documents if applicable. In view of plaintiff's failure to comply with the Federal Rules of Civil Procedure, plaintiff's Complaint should be dismissed against defendant Laeisz in accordance with Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

In general in order for a court to obtain personal jurisdiction over a foreign corporation in a case filed in federal court, the plaintiff needs to comply with the service of process requirements of the Hague Convention if applicable. A defendant may assert that due to the alleged non-compliance, service of process was improper, and therefore the court lacks personal jurisdiction over it.

The United States entered into the Hague Service Convention ("the convention") in 1969, thereby undertaking a reciprocal treaty obligation towards those countries which have also adopted the convention. The body designated to receive requests for service coming from other countries, and to process service according to the Convention provisions, is the Central Authority, pursuant to article 2 of the treaty. Article 2 of the Hague Convention states:

> Each contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States and to proceed in conformity with provisions of Articles 3 and 6.
>
> Each state shall organize the central authority and conformity with its own law.

0674786.01

The Convention provides the exclusive guidelines to **serve process** when litigants must transmit documents abroad. The internal law of the forum state determines when such an occasion arises. Entered into between the United States, Germany and eighteen other countries, the Hague Convention is concerned with the service of process on foreign defendants who reside in countries who are parties to the Treaty. The terms of the Treaty provide that each signatory country may reject certain general provision and append the specific requirements for valid service of process within that country. In signing the Treaty, Germany specified that judicial documents be forwarded through one of various designated Central Authorities and that such documents be written in, or translated into, the German language. See F.R.C.P. 4.

Article 10 of the convention relates to service by mail. Where a country has exercised its Article 10 right to require that judicial documents are served at the Central Authority and also has provided that no service of judicial document can be served by mail, attempted service by mail is invalid. Here, plaintiff failed to serve process through the Central Authority and attempted service by mail without a translation, both being prohibited by the Hague Convention.

**C.    This Court Lacks Personal Jurisdiction Over Defendant Laeisz.**

Additionally, dismissal is proper in the instant action because this Court does not have personal jurisdiction over defendant, Laeisz, a German corporation with no employers or offices in this Commonwealth of Pennsylvania. The M/V SEA PANTHER was chartered to Crowley American Transport ("Crowley") whereby Crowley, not Laeisz, was operating the M/V SEA PANTHER at the time of alleged incident. However, since defendant Laeisz has not even been served with the Complaint, defendant Laeisz believes that it is premature to pursue dismissal of the Complaint on the ground that it lacks personal jurisdiction at this time; defendant Laeisz is raising the defense of this point so as not to waive it.

**III.    CONCLUSION**

Based on the foregoing, defendant Swan respectfully requests this Honorable Court to grant this Motion and dismiss the action against it.

**RAWLE & HENDERSON, LLP**

0674786.01

By: _____
Carl D. Buchholz, III, Esquire
Charles W. McCammon, Esquire
The Widener Building
One South Penn Square
Philadelphia, PA  19107
Tel: 215-575-4200

Attorneys for Defendant,
F. Laeisz Schiffahrtsges.mbH & Co.

Date: _____

0674786.01