UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                       :
        and                          :
TRUDIE HASTINGS HILL H/W             :
        Plaintiffs                   :
        v.                           :
Schiffahrtsgesellschaft MS Priwall   :   No. 02-CV-2713
mbH & Co. KG                         :
        and                          :
Reederei F. Laeisz G.m.b.h.,         :
Rostock                              :
        and                          :
Crowley American Transport, Inc.     :
        Defendants                   :
_____
```

**REPLY TO DEFENDANT'S ANSWER AND MEMORANDUM
PERTAINING TO PLAINTIFFS' DISCOVERY MOTION**

1.  **The documents produced**

    Defendants' response is not accurate in some respects. The answers to interrogatories had no affidavit or verification and were incomplete and evasive as set forth below. They do not show any authority from defendants to counsel to attest to the truthfulness of the answers. In fact, they don't show anything that confirms that the defendants have even seen the answers.

    The documents produced before December 31, 2002, as promised by defense counsel to the Court, were not a complete response. Initially, the wrong deck log was produced, but this was corrected prior to the Captain's deposition on January 11, 2003.

    The ship's manual and other materials, which described the duties of the deck officers, were produced at the Captain's deposition, so plaintiffs' counsel had no opportunity to prepare

beforehand. (See Exhibit 1 hereto - pp. 40-49 of Captain's deposition.)

Two photographs were produced for the first time at the Captain's deposition, so plaintiffs' counsel had no time to prepare beforehand. (See Exhibit 2 hereto - pp. 163-164 of Captain's deposition).

Defendants also produced a "letter of authorization" at the Captain's deposition but defense counsel severely limited plaintiff's counsel's questioning of the Captain about this document (See Exhibit 3 hereto - pp. 62-63 of Captain's deposition).

The foregoing do not represent good faith efforts to give discovery promptly and properly, and these characterize the way the defense in this case has been conducted.

2. **The failure to produce a 30(b)(6) designee**

Plaintiffs have already submitted the pages from the transcript of the Captain's deposition where he makes it clear that he know nothing about the owner. Defense counsel has made it clear that he does not plan to produce anyone else, so plaintiffs' record so far as the owner is concerned consists only of unsworn answers to interrogatories and unsworn statements about the owner in defendants' Answer to plaintiffs' Discovery Motion.

3. **Defendants' Answers to Interrogatories**

No affidavit or verification was attached to the answers, so

the cases cited by defendants are inapplicable since all of those cases involved answers with sworn affidavits attached.  In this case, the record consists of unsworn answers from the two defendants and sworn testimony from a designee of the operator only.  F.R.Civ.P 11 does not pertain to the truthfulness of answers to interrogatories.

With respect to the interrogatories to the operator, Laeisz, #1 and #2 refer to inspections of lashing rods prior to the beginning of work in Philadelphia.  The answers are unresponsive, evasive and inaccurate.  The answers deny that the individual lashing rods were inspected, but the Captain testified directly to the contrary.  (See Exhibit 4 hereto - pp. 54-56, 57-58, 138-140 of Captain's deposition transcript).

The answers to #6-8 are completely unresponsive, and plaintiffs are left with only an unsworn letter of designation. Plaintiffs need this evidence to prove whether the operator, Laeisz, can be held liable.

The answer to #9 is belied by the Captain's testimony when he said he called the operator, Laeisz, the day before and had the relevant materials faxed to him.

Answers #10-12 were not responsive, but this was covered at the Captain's deposition.

Answer #13 is utterly unresponsive.

Answer #14 is utterly unresponsive.

With respect to the unsworn answers of the owner, Priwall:

Answers #1-4 are the same as #1 and 2 of Laeisz' Answers, so the comments above apply.

Answer #12 was belied by the Captain's testimony, and the comments above pertaining to the operator's answers #1 and #2 apply with equal force here.

Answer #13 is unresponsive, and counsel can only conclude that defendant must be waiving its defense that the defendant was not doing enough business here to justify the Court's exercising its jurisdiction.

Answer #16 was belied when photographs were produced for the first time at the Captain's deposition.

Answers #18 and #19 are unresponsive, so plaintiffs can only conclude that the defense has been waived.

### **Conclusion**

Defendants' answer is self-serving and inaccurate. Plaintiffs recognize that a Motion for Summary Judgment will be filed, as it is in every one of these cases, but the Captain's testimony alone will be enough to defeat it. Plaintiffs believe that the attitude and behavior of defense counsel in conducting discovery in this case have been well below what is demanded by the Federal Rules and less than what he assured the Court he would do and what the Court has ordered him to do.

Plaintiffs simply want what they are entitled to in order to prepare for trial and request the Court to enter the Order submitted.

Respectfully,

E. ALFRED SMITH & ASSOCIATES

_____
E. Alfred Smith
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has, on this date, caused a true and correct copy of Plaintiffs Reply to Defendants' Answer and Memorandum Pertaining to Plaintiffs' Motion for Discovery to be served by first class mail, postage prepaid, on the date listed below upon the following party or counsel of record:

>Charles W. McCammon, Esquire
>Rawle & Henderson LLP
>The Widener Building
>One South Penn Street
>Philadelphia, PA 19107
>Counsel for Defendants
>Schiffahrtsgesellschaft MS Priwall mbH & Co. KG
>Reederei F. Laeisz G.m.b.h., Rostock and
>Crowley American Transport, Inc.

>_____
>E. Alfred Smith
>Attorney for Plaintiffs
>Cornelius Hill and Trudie Hastings Hill

Date: