IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS HILL et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHIFFARHTSGESELLSCHAFT MS | : | |
| PRIWALL mbH & Co. KG et al. | : | NO. 02-cv-2713 |

**MEMORANDUM**

**Baylson, J.**                                                                                                          **March 17, 2003**

The pretrial proceedings in this case have been marked by frequent disputes between counsel over discovery issues. Presently before the Court is the Plaintiffs' Motion to Compel Discovery (Docket No. 38). Initially, the Court notes that Plaintiffs have exceeded the allowed number of Interrogatories, although Defendants did not object on this ground. The present Motion before the Court requests Answers as to 14 Interrogatories to the Priwall defendant and 19 Interrogatories to the Laeisz defendant.

After reviewing the Interrogatories and the Answers, the Court concludes that the Defendants should provide Answers to a total of 25 of the 33 Interrogatories, to be designated by Plaintiffs to counsel for Defendants, within ten days. Many of the Answers provided were subject to objection and/or were non-responsive. The objections are overruled; the Answers shall be responsive. If Defendants do not have or know the specific information requested, their Answer should so state. Answers are due twenty days after service of the designations by

Plaintiffs' counsel.

Plaintiffs also complain that the Interrogatories are improperly signed by counsel. Defendants correctly cite 8A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2172 (2d ed. 1994) that numerous courts have allowed a defendant's attorney to verify the corporate party's Answers to the Interrogatories, and thus the Plaintiffs' objection is overruled. However, the Defendants' attorney should either stipulate that the Answers are admissible at trial against the Defendants, or attach a separate verification or declaration to the effect that counsel is authorized to verify the Answers to Interrogatories, and that they are true and correct to the best of his client's knowledge, information and belief, which is preferable to the attorney merely signing his name at the end of the Answers.

Lastly, Plaintiffs assert that the Priwall defendant has not adequately responded to a Rule 30(b)(6) deposition notice. In response, defense counsel asserts that Priwall does not have any information other than provided by the corporate representative of the Laeisz defendant. The Court will order the Priwall defendant to serve on Plaintiffs a declaration, sworn to by a corporate representative and/or counsel of record, to this effect. The Priwall defendant shall also state whether it is willing to be bound by the testimony of the Laeisz' corporate representative, and if not, why not.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS HILL, et al. | : | Civil Action |
| | : | |
| v. | : | |
| | : | |
| SCHIFFARHTSGESELLSCHAFT MS | : | |
| PRIWALL mbH & Co. KG, et al. | : | NO. 02-cv-2713 |

**ORDER**

AND NOW, this            day of March, 2003, it is hereby ORDERED that the Plaintiffs' Motion for Discovery, Docket No. 38, is granted in part and denied in part in accordance with the foregoing Memorandum.

BY THE COURT:

_____
MICHAEL M. BAYLSON, U.S.D.J.

O:\CIVIL\Hill v. Schiffarhtsgesellschaft 02-2713 Memo.wpd