IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS HILL, et al. | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| NSB NIEDERELBE | : | 02-2713 |
| SCHIFFAHRTSGES.MBH & CO., et al. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                             **February 6, 2004**

On December 30, 2003, this Court issued a Memorandum and Order denying Defendants' Motion for Summary Judgment. On January 9, 2004, Defendants filed a Motion for Consideration of that Order, which the Court has carefully reviewed.

The Court will deny Defendants' Motion for Reconsideration because, although it carefully and cogently states principles of law binding on this Court concerning the turnover duty of the Defendants under the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b), Defendants fail to recognize the weight which the Court must give to the Plaintiffs' own version of the incident on a Motion for Summary Judgment. As the Court wrote in the prior Memorandum, Plaintiff C. Hill, at a lengthy deposition, presented facts which the Court must credit at the summary judgment stage of the case, and which the Court concluded, and still concludes, prevent the entry of summary judgment in Defendants' favor.

Defendants have also filed a Motion to Compel both Plaintiffs to appear for depositions. During a telephone conference with counsel, the Court ruled that these depositions should take place because the overall situation involving Mr. Hill has changed somewhat since his original

deposition was taken, and Mrs. Hill was not previously deposed through some failure of communication between counsel as to whether she was maintaining a claim for damages. Since Mrs. Hill is maintaining a claim for damages, the Court ruled that she may be deposed by defense counsel.

Defense counsel also stated a need to depose a non-party witness, Dwight Jones, to question him on material facts that have become apparent since his first deposition.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS HILL, et al. | : | CIVIL ACTION |
| | : | |
| VI. | : | |
| | : | |
| NSB NIEDERELBE | : | 02-2713 |
| SCHIFFAHRTSGES.MBH & CO., et al. | : | |

**ORDER**

    And now, this _____ day of February, 2004, it is hereby ORDERED as follows:

    1.    Defendants' Motion for Reconsideration (Docket No. 59) is DENIED.

    2.    Defendants' Motion to Compel Depositions (Docket No. 62) is GRANTED, and Defendants may also depose Mr. Dwight Jones. The time for the three depositions of Mr. Hill, Mrs. Hill and Mr. Jones shall not exceed three (3) hours. The depositions of the Plaintiffs shall take place by telephone, at times mutually convenient for parties and counsel. The deposition of Mr. Jones shall be arranged at the convenience of Mr. Jones and counsel.

    3.    The Court will hold a final pretrial conference in this case on Thursday, February 26, 2004 at 4:30 p.m. Please call chambers at 267.299.7520 for courtroom location. Prior to the final pretrial conference, the parties shall have discussed any factual stipulations, objections to any exhibits, any problems with witness availability during the trial and any other matters that will enable the trial to proceed smoothly and settlement.

    BY THE COURT:

    _____
    Michael M. Baylson, J.

O:\CIVIL\02-2713 Hill v. NSB\02-2713 Hill Memo & Order D's Mot Compel.wpd