UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS HILL : | |
| and : | |
| TRUDIE HASTINGS HILL H/W : | |
| Plaintiffs : | |
| SCHIFFAHRTSGESELLSCHAFT MS : | NO. 02-CV-2713 |
| PRIWALL mbH & Co. KG : | |
| and : | |
| REEDEREI F. LAEISZ G.m.b.h., ROSTOCK : | |
| Defendants : | JURY TRIAL DEMANDED |

**MOTION IN LIMINE TO PRECLUDE REFERENCES TO DUTIES UNDER THE CHARTER PARTY AND INSTRUCTIONS/DIRECTIONS FROM THE VESSEL'S <u>OWNERS TO THE VESSEL'S OPERATORS</u>**

Defendants Schiffahrtsgesellschaft MS Priwall mbH & Co. KG ("Priwall") and Reederei F. Laeisz G.m.b.h., Rostock ("Laeisz"),by and through its attorneys, Rawle & Henderson, LLP, hereby submits its Motion in Limine to Preclude References to Duties Under the Charter Party And Instructions/Directions from the Vessel's Owners to the Vessel's Operators as follows:

1. Defendants move to preclude the introduction of and/or any reference to any duties under the charter party or contractual or written directions from the shipowner to the ship operator regarding the operation of the vessel and/or stowage of cargo.

2. The condition involved in this instant litigation involves a condition of the cargo, i.e., a turnbuckle and lashing rod that secure a container in place. The duties that the shipowner/operator owed to the stevedore and its employees, including the plaintiff, are set forth by law. Contractual duties/obligations between shipowner and charter and the shipowner and operator regarding the stowage of the containers, contracts to which neither the stevedore nor the plaintiff were parties to, are not relevant to the duties the defendants owed to the plaintiff.

943114 v.1

Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1545 (9th Cir. 1991); Mankus v. Swan Reefer I, C.A. 02-3425 (E.D. Pa. 2003). (Exhibit "A").

     3.     In Mankus, supra, Judge Yohn precluded reference to the contract provisions between the owner and charterer in a longshore personal injury case stating:

> The contract provisions to which plaintiff refers are in no way within this envisioned category of contractual provisions that can effect the duties of a shipowner to longshore workers. First, the provisions are from the head charter party between the shipowner defendant the charterer Lauritzen Reefer. Plaintiff is indisputably not a party to this charter. Moreover, plaintiff presents no evidence that either party to the charter intended longshore workers to be third party beneficiaries to, and thus benefit from, the charter. Second, the specific provisions that plaintiff cites have no relationship to the conditions on the vessel that are dangerous to the longshore workers. (Exhibit "A," p. 20).

WHEREFORE, for the foregoing reasons, defendants respectfully request that all such references to contract provisions and/or written directions/instructions between the shipowner and operator be excluded from evidence.

                               Respectfully submitted,

                               RAWLE & HENDERSON LLP

                               By:_____
                                  Carl D. Buchholz, III, Esquire
                                  Attorney for Defendants,
                                  Schiffahrtsgesellschaft MS Priwall
                                  mbH & Co. KG and Reederei F.
                                  Laeisz G.m.b.h., Rostock

                                 The Widener Building
                                 One South Penn Square
                                 Philadelphia, PA  19107
                                 Phone: (215) 575-4200.

DATED:  February 26, 2004

943114 v.1

## CERTIFICATE OF SERVICE

      I do hereby certify that the foregoing Motion in Limine to Preclude References to Duties Under the Charter Party And Instructions/Directions from the Vessel's Owners to the Vessel's Operators, was served via Hand Delivery to the following counsel of record:

            E. Alfred Smith, Esquire
            1333 Race Street, 2nd Floor
            Philadelphia, PA 19107
            Attorney for Plaintiff

            _____
            Carl D. Buchholz, III, Esquire

943114 v.1