UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS HILL and TRUDIE HASTINGS HILL H/W | : : : : | |
| Plaintiffs | : | |
| SCHIFFAHRTSGESELLSCHAFT MS PRIWALL mbH & Co. KG and REEDEREI F. LAEISZ G.m.b.h., ROSTOCK | : : : : | NO. 02-CV-2713 |
| Defendants | : | JURY TRIAL DEMANDED |

**ORDER**

      AND NOW, this _____ day of _____, 2004, it is hereby ORDERED and DECREED that defendants' Motion *in Limine* to preclude certain opinion testimony of plaintiffs' liability expert Captain Joseph Ahlstrom is GRANTED. The following testimony by Captain Ahlstrom will not be admitted at trial:

      1.    Any and all opinion testimony regarding the legal duties and responsibilities of any of the parties involved in this lawsuit, or any other question of law;

      2.    Any and all opinion testimony on the credibility of witnesses, or that otherwise infringes on the province of the jury to assess the credibility of witnesses and/or determine the facts.

      3.    Any and all opinion testimony based upon speculation or conjecture.

      4.    Any and all opinion testimony that is not based upon reasonable professional certainty.

940778 v.1

      5.      Any and all opinion testimony that Captain Ahlstrom does not have the qualifications and/or expertise to give.

BY THE COURT:

_____
               J.

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CORNELIUS HILL | : | |
|     and | : | |
| TRUDIE HASTINGS HILL H/W | : | |
|             Plaintiffs | : | |
| SCHIFFAHRTSGESELLSCHAFT MS | : | NO. 02-CV-2713 |
| PRIWALL mbH & Co. KG | : | |
|     and | : | |
| REEDEREI F. LAEISZ G.m.b.h., ROSTOCK | : | |
|             Defendants | : | JURY TRIAL DEMANDED |

**MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY**
**BY PLAINTIFFS' LIABILITY EXPERT, CAPTAIN JOSEPH AHLSTROM**

Defendants Schiffahrtsgesellschaft MS Priwall mbH & Co. KG ("Priwall") and Reederei F. Laeisz G.m.b.h., Rostock ("Laeisz"), by and through their attorneys, Rawle & Henderson, hereby move *in limine* to preclude the following testimony by plaintiffs' liability expert, and in support thereof, assert as follows:

1. Plaintiff Cornelius Hill, a longshoreman, filed this lawsuit against defendants Priwall and Laeisz to recover damages for personal injuries that he allegedly sustained while working aboard the M/V SEA PANTHER.

2. Defendants are the owner and operator of the merchant vessel M/V SEA PANTHER. During the time period relevant to this action, the defendants chartered the M/V SEA PANTHER to Crowley American Transport ("Crowley"). The M/V SEA PANTHER, a container vessel, was involved in regular liner service carrying containers between ports throughout the east coast of South America and the east coast of the United States.

3. On August 25, 2000, the M/V SEA PANTHER, was docked at a pier and terminal operated by Delaware River Stevedores ("DRS") in the Port of Philadelphia. Containers being

940778 v.1

carried on the vessel were to be discharged by employees of DRS, an independent stevedoring contractor.

4. At approximately 10:30 p.m. on August 25, 2000, the vessel was turned over to DRS and its employees (the longshoremen) to commence discharge operations. The unlashing of the containers stowed on the vessel was part of the discharge operation and had to be carried out before the containers could be lifted off of the vessel by a crane.

5. Plaintiff Cornelius Hill and his co-employee, Dwight Jones, were employed by DRS as longshoremen. At the start of the discharge operation, Mr. Hill and Mr. Jones were assigned to unlash containers from the aft part of the vessel.

6. On the day of the accident, the longshoremen's supervisor was given an opportunity to board the vessel and make an inspection. After that inspection took place, Hill and Jones boarded the vessel and unlashed one "bay" or section of containers without any problems.

7. The accident in question occurred while Hill and Jones were unlashing containers at a second bay. Before they started work near the second bay, Hill and Jones inspected the area and they did not see any defects or problems.

8. Plaintiff Cornelius Hill was allegedly injured when he was struck by a falling lashing bar, which was part of the lashing gear used to lash or secure the containers to the deck of the vessel so they did not shift or move during the voyage.

9. Plaintiffs have retained Captain Joseph Ahlstrom to testify as a liability expert in this case. In discovery, plaintiffs produced a March 24, 2003 report of Captain Ahlstrom. A true and correct copy of Captain Ahlstrom's March 24, 2003 report is attached hereto as Exhibit "A."

10. Defendants anticipate that Captain Ahlstrom will be called to testify to opinions that are consistent with the opinions set forth in his March 24, 2003 report.

11. Many opinions expressed by Captain Ahlstrom in his report are inadmissible at trial because they either relate to questions of law, which are for the Court to determine, or they relate to credibility determinations, which are for the jury to decide.

12. Rule 702 of the Federal Rules of Evidence governs testimony by experts, and provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702.

13. Expert opinions on questions of law are not admissible. See, e.g., Aguilar v. International Longshoremen's Union, 966 F.2d 443, 447 (9th Cir. 1992); Marx v. Diners Club, Inc., 550 F.2d 505, 509 (2nd Cir. 1977).

14. In his March 24, 2003 report, Captain Ahlstrom offers opinions regarding the legal responsibilities of the parties involved in this case, which are legal questions reserved for the court, and are thus inadmissible at trial.

15. An expert witness is also not permitted to testify to opinions on questions of fact, which are determinations reserved for the jury. See, e.g., U.S. v. Whitted, 11 F.3d 782 (8th Cir. 1993) (observing that "[a] doctor also cannot pass judgment on the alleged victim's truthfulness in the guise of a medical opinion, because it is the jury's function to decide credibility); United States v. Barnard, 490 F.2d 907 (9th Cir. 1973), cert. denied, 416 U.S. 959, 94 S.Ct. 1976 (1974).

16. Captain Ahlstrom's report offers opinions on the credibility of witnesses, opinions which are not admissible at trial.

17. Most, if not all, of Captain Ahlstrom's opinions are based upon speculation or conjecture. An experts opinion are not permitted to be based upon speculation or conjecture.

18. Most, if not all, of Captain Ahlstrom's opinions are beyond his professional background and experience. An expert is not permitted to give opinions beyond the purview and scope of his expertise.

WHEREFORE, defendants respectfully request that this Honorable Court grant their Motion *in Limine* and preclude Captain Ahlstrom from offering opinions on both questions of law and questions of fact at trial.

                                                 Respectfully submitted,

                                                 RAWLE & HENDERSON LLP

                                               By:_____
                                                  Carl D. Buchholz, III, Esquire
                                                  Attorney for Defendants,
                                                  Schiffahrtsgesellschaft MS Priwall
                                                  mbH & Co. KG and Reederei F.
                                                  Laeisz G.m.b.h., Rostock

                                                  The Widener Building
                                                  One South Penn Square
                                                  Philadelphia, PA  19107
                                                  Phone: (215) 575-4200.

DATED:  <u>February 26, 2004</u>

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS HILL | : | |
| and | : | |
| TRUDIE HASTINGS HILL H/W | : | |
| Plaintiffs | : | |
| SCHIFFAHRTSGESELLSCHAFT MS | : | NO. 02-CV-2713 |
| PRIWALL mbH & Co. KG | : | |
| and | : | |
| REEDEREI F. LAEISZ G.m.b.h., ROSTOCK | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW**

**I.    FACTUAL BACKGROUND**

Plaintiff Cornelius Hill, a longshoreman, filed this lawsuit against defendants Priwall and Laeisz to recover damages for personal injuries that he allegedly sustained while working aboard the M/V SEA PANTHER. Defendants are the owner and operator of the merchant vessel M/V SEA PANTHER. During the time period relevant to this action, the defendants chartered the M/V SEA PANTHER to Crowley American Transport ("Crowley"). The M/V SEA PANTHER, a container vessel, was involved in regular liner service carrying containers between ports throughout the east coast of South America and the east coast of the United States.

On August 25, 2000, the M/V SEA PANTHER, was docked at a pier and terminal operated by Delaware River Stevedores ("DRS") in the Port of Philadelphia. Containers being carried on the vessel were to be discharged by employees of DRS, an independent stevedoring contractor. At approximately 10:30 p.m. on August 25, 2000, the vessel was turned over to DRS and its employees (the longshoremen) to commence discharge operations. The unlashing of the containers stowed on the vessel was part of the discharge operation and had to be carried out before the containers could be lifted off of the vessel by a crane. Plaintiff Cornelius Hill and his

940778 v.1

co-employee, Dwight Jones, were employed by DRS as longshoremen. At the start of the discharge operation, Mr. Hill and Mr. Jones were assigned to unlash containers from the aft part of the vessel.

On the day of the accident, the longshoremen's supervisor was given an opportunity to board the vessel and make an inspection. After that inspection took place, Hill and Jones boarded the vessel and unlashed one "bay" or section of containers without any problems. The accident in question occurred while Hill and Jones were unlashing containers at a second bay. Before they started work near the second bay, Hill and Jones inspected the area and they did not see any defects or problems.

Plaintiff Cornelius Hill was allegedly injured when he was struck by a falling lashing bar, which was part of the lashing gear used to lash or secure the containers to the deck of the vessel so they did not shift or move during the voyage.

Plaintiffs have retained Captain Joseph Ahlstrom to testify as a liability expert in this case. In discovery, plaintiffs produced a March 24, 2003 report of Captain Ahlstrom. A true and correct copy of Captain Ahlstrom's March 24, 2003 report is attached hereto as Exhibit "A." Defendants anticipate that Captain Ahlstrom will be called to testify to opinions that are consistent with the opinions set forth in his March 24, 2003 report. The instant Motion seeks to preclude Captain Ahlstrom from testifying to certain opinions contained in the report on the grounds that such opinions are not admissible at trial under the Federal Rules of Evidence.

## II.     LEGAL ARGUMENT

Rule 702 of the Federal Rules of Evidence governs testimony by experts, and provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in

> issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702.

Many of the opinions expressed in Captain Ahlstrom's report would not assist the trier of fact, but rather would interfere with the Court's role in deciding questions of law and the jury's role in deciding questions of fact. Accordingly, such opinions are not admissible.

### A.  Opinions on Questions of Law

Expert opinions on questions of law are not admissible. See, e.g., Aguilar v. International Longshoremen's Union, 966 F.2d 443, 447 (9th Cir. 1992); Marx v. Diners Club, Inc., 550 F.2d 505, 509 (2nd Cir. 1977). In Marx, the court observed:

> It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge. As Professor Wigmore has observed, expert testimony on law is excluded because "the tribunal does not need the witness' judgment. . . [T]he *judge* (or the jury as instructed by the judge) can determine equally well. . . " The special legal knowledge of the judge makes the witness' testimony superfluous.

505 F.2d at 509 (citing VII *Wigmore on Evidence* §1952, at 81).

In his March 24, 2003 report, Captain Ahlstrom offers opinions regarding the legal responsibilities of the parties involved in this case, which are legal questions reserved for the court. Specifically, the report states: "The responsibility of the ensuring the proper working order of lashing materials lies with the ship as described in section 8.1.1 (cargo-worthiness) of the ISM Code supplied by Captain Schuessler." See Exhibit "A," p. 4. The report further states:

> The proper care of the lashing equipment is the ships responsibility as stated in 8.1.1 of the Shipboard Operating Manual. It is also found in section 8.1.4 under loading and unloading. In this section

>    the use of stowing and lashing materials must be provided and in
>    good working order.

See Exhibit "A," p. 4.

The Court does not require Captain Ahlstrom's opinions to determine the respective responsibilities of the defendants, as vessel owner and operator, the longshore workers engaged in discharging the vessel, and any other party involved in the process. Captain Ahlstrom's opinions will not be of assistance to the Court in determining the duty of the defendants under the Longshore & Harbor Workers Compensation Act. Therefore, Captain Ahlstrom should be precluded from testifying to any such legal opinions.

B.    **Opinions on Questions of Fact**

As with opinions on questions of law, an expert witness is not permitted to testify to opinions on questions of fact, which are determinations reserved for the jury. See, e.g., U.S. v. Whitted, 11 F.3d 782 (8th Cir. 1993) (observing that "[a] doctor also cannot pass judgment on the alleged victim's truthfulness in the guise of a medical opinion, because it is the jury's function to decide credibility); United States v. Barnard, 490 F.2d 907 (9th Cir. 1973), cert. denied, 416 U.S. 959, 94 S.Ct. 1976 (1974).

Captain Ahlstrom's report offers opinions on the credibility of witnesses, opinions which are not admissible at trial. In an attempt to eliminate the possibility that Dwight Jones excessively loosened the turnbuckle, Captain Ahlstrom offers the following opinion: "Mr. Jones was an experienced lasher I don't feel he would unscrew a turnbuckle more than necessary." See Exhibit "A," p. 4. Captain Ahlstrom goes on to comment directly on Jones' credibility: "It also doesn't appear that Mr. Jones would have any reason to not tell exactly what happened that night." Id. Captain Ahlstrom also draws an inference regarding the manner in which the accident occurred, an inference that is also be inadmissible at trial. The Captain states: "As Mr.

Jones saw this [the lashing rod flying out of the turnbuckle] he had only time to holler "Look Out" and not catch a slowly falling rod, which given his relationship with Mr. Hill he would have done." Id. None of these inferences would "assist the trier of fact to understand the evidence or to determine a fact in issue," for it is the exclusive province of the jury to make credibility determinations, decide the facts, and draw inferences therefrom.

C.  **Opinions Based on Speculation and Conjecture and/or That Are Beyond the Scope of Captain Ahlstrom's Expertise**

Most, if not all, of the proffered opinions of Captain Ahlstrom are based upon speculation and conjecture; an expert's opinions at trial are not permitted to be based upon speculation and conjecture. Further, most, if not all, of Captain Ahlstrom's opinions are beyond the purview of his background and expertise. Captain Ahlstrom is not an expert stevedore and is improper for him to give any opinions whatsoever regarding a stevedore's duties and responsibilities with regard to open and obvious conditions involving the cargo.

**III.    CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Honorable Court grant their Motion *in Limine* and preclude Captain Ahlstrom from offering opinions on both questions of law and questions of fact at trial.

          Respectfully submitted,

          RAWLE & HENDERSON LLP

          By:_____
              Carl D. Buchholz, III, Esquire
              Attorneys for Defendants,
              Schiffahrtsgesellschaft MS Priwall
              mbH & Co. KG and Reederei F.
              Laeisz G.m.b.h., Rostock

              The Widener Building
              One South Penn Square
              Philadelphia, PA  19107
              Phone: (215) 575-4200.

DATED: <u>February 26, 2004</u>

**CERTIFICATE OF SERVICE**

  I, Carl D. Buchholz, III, Esquire, do hereby certify that a copy of the foregoing Motion *in Limine* been served via Hand Delivery to the following of record:

> Alfred Smith, Esquire
> Alfred Smith & Associates
> 1333 Race Street, 2nd Floor
> Philadelphia, PA 19107
> ***(Attorneys for Plaintiff Cornelius Hill)***

                   _____
                   Carl D. Buchholz, III, Esquire

Dated:  February 26, 2004

940778 v.1