UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                      :
            and                     :
TRUDIE HASTINGS HILL H/W            :
               Plaintiffs           :
            v.                      :
Schiffahrtsgesellschaft MS Priwall  :    No. 02-CV-2713
mbH & Co. KG                        :
            and                     :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
               Defendants           :
_____
```

**PLAINTIFFS' POINTS FOR CHARGE**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                        :
          and                         :
TRUDIE HASTINGS HILL H/W              :
          Plaintiffs                  :
          v.                          :
Schiffahrtsgesellschaft MS Priwall :     No. 02-CV-2713
mbH & Co. KG                          :
          and                         :
Reederei F. Laeisz G.m.b.h.,          :
Rostock                               :
          Defendants                  :
_____
```

Under the Longshore and Harbor Workers Compensation Act, a longshore worker who is injured by the negligence of a vessel may in certain circumstance bring an action against the vessel to recover for those injuries.

33. U.S.C. §905(b).

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                   :
            and                  :
TRUDIE HASTINGS HILL H/W         :
            Plaintiffs           :
            v.                   :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                     :
            and                  :
Reederei F. Laeisz G.m.b.h.,     :
Rostock                          :
            Defendants           :
_____
```

"Negligence" is the failure to use reasonable care.
Reasonable care is that degree of care which a reasonably careful
person would use under the circumstances.  Negligence may consist
either of <u>doing</u> something that a reasonably careful person would
<u>not</u> do under like circumstances, or in <u>failing</u> to do something
that a reasonably careful person <u>would</u> do under like
circumstances.

**<u>Devitt, Blackman and Wolff</u>**
Federal Jury Practice and Instructions
Section (4th Ed.) 95.06

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                         :
         and                           :
TRUDIE HASTINGS HILL H/W               :
              Plaintiffs               :
         v.                            :
Schiffahrtsgesellschaft MS Priwall     :    No. 02-CV-2713
mbH & Co. KG                           :
         and                           :
Reederei F. Laeisz G.m.b.h.,           :
Rostock                                :
              Defendants               :
_____
```

The definition of negligence requires the Defendant to guard against those risks or dangers which it knew or by the exercise of due care should have known.  In other words, the Defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

**Duty To Guard Against Foreseeable Risks**

Gallick v. Baltimore and Ohio R.R.,
372 U.S. 108, 83 S.Ct. 659, 665-666 (1963)
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                         :
```

```
            and                 :
TRUDIE HASTINGS HILL H/W        :
            Plaintiffs          :
            v.                  :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                    :
            and                 :
Reederei F. Laeisz G.m.b.h.,    :
Rostock                         :
            Defendants          :
_____
```

A vessel owes to longshoremen certain duties of exercising due care under the circumstances, and one of those duties owed by the shipowner to the longshoremen is called the "turnover duty."

**Scindia Steam Navigation Co. Ltd. v. De Los Santos**, 451 U.S. 156, 166 (1981)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                  :
            and                 :
TRUDIE HASTINGS HILL H/W        :
            Plaintiffs          :
            v.                  :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                    :
```

```
              and                   :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
                   Defendants       :
_____
```

The turnover duty refers to a shipowner's obligation with respect to transferring control of areas of the vessel, its equipment and cargo to the stevedore and longshore workers. This duty comprises both a duty to provide safe conditions and a corollary duty to warn of nonobvious hazards in instrumentalities and areas turned over to the stevedore's control.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

CORNELIUS HILL                            :
          and                             :
TRUDIE HASTINGS HILL H/W                  :
          Plaintiffs                      :
          v.                              :
Schiffahrtsgesellschaft MS Priwall :      No. 02-CV-2713
mbH & Co. KG                              :
          and                             :
Reederei F. Laeisz G.m.b.h.,              :
Rostock                                   :
          Defendants                      :
_____

          The turnover duty has two components.

          First:

                    [a] vessel must...turn over the ship and its
                    equipment and appliances "in such condition that
                    an expert and experienced stevedoring con-
                    tractor, mindful of the dangers he should
                    reasonably expect to encounter, arising
                    from the hazards of the ship's service or
                    otherwise, will be able by the exercise of
                    ordinary care" to carry on cargo operations
                    "with reasonable safety to person and pro-
                    perty."

**Howlett v. Birksdale Shipping Co., S.A.**
512 U.S. 92, 98 (1994)

**Citing Federal Marine Terminals, Inc. v. Burnside
Shipping Co.**
394 U.S. 404 (1969)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

CORNELIUS HILL                            :

```
              and                    :
TRUDIE HASTINGS HILL H/W             :
              Plaintiffs             :
              v.                     :
Schiffahrtsgesellschaft MS Priwall : No. 02-CV-2713
mbH & Co. KG                         :
              and                    :
Reederei F. Laeisz G.m.b.h.,         :
Rostock                              :
              Defendants             :
_____
```

A shipowner can ordinarily and presumably rely on the stevedore and its longshore employees to notice obvious hazards and take steps consistent with its expertise to avoid these hazards where it is practical to do so, and generally the vessel's duty to warn extends to known nonobvious dangers.

**Howlett v. Birksdale Shipping Co., S.A.**
512 U.S. 92, 98 (1994)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                       :
              and                    :
TRUDIE HASTINGS HILL H/W             :
              Plaintiffs             :
              v.                     :
Schiffahrtsgesellschaft MS Priwall : No. 02-CV-2713
```

```
mbH & Co. KG                          :
          and                         :
Reederei F. Laeisz G.m.b.h.,          :
Rostock                               :
              Defendants              :
_____
```

The shipowner thus has a duty with respect to the condition of the ship's gears equipment, tools and work space to be used in the stevedoring operations; and if he fails at least to warn the stevedore of a hidden danger which would have been known to him in the exercise of reasonable care, he has breached his duty and is liable if his negligence causes injury to a longshoreman.

**Scindia Steam Navigation Co. V. De Los Santos**
451 U.S. 156, 167 (1981)
                UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                        :
          and                         :
TRUDIE HASTINGS HILL H/W              :
              Plaintiffs              :
          v.                          :
Schiffahrtsgesellschaft MS Priwall :   No. 02-CV-2713
mbH & Co. KG                          :
          and                         :
Reederei F. Laeisz G.m.b.h.,          :
Rostock                               :
              Defendants              :
```

_____

    A shipowner can ordinarily and presumably rely on the stevedore and its longshore employees to notice obvious hazards and take steps consistent with its expertise to avoid these hazards where it is practical to do so, and generally the vessel's duty to warn extends to known nonobvious dangers.

**Kirsch v. Plovidba**
971 F.2d 1026 (3d Cir. 1992)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CORNELIUS HILL | : |
|     and | : |
| TRUDIE HASTINGS HILL H/W | : |
|       Plaintiffs | : |
|       v. | : |
| Schiffahrtsgesellschaft MS Priwall | :   No. 02-CV-2713 |
| mbH & Co. KG | : |
|     and | : |
| Reederei F. Laeisz G.m.b.h., | : |
| Rostock | : |
|       Defendants | : |

_____

    Nevertheless, "[A] shipowner may be negligent for failing to

eliminate an obvious hazard that it could have elminated...when it should have expected that an expert stevedore could not or would not avoid the hazard and conduct cargo operations reasonably safely."

Such an expectation may stem from the fact that the obvious hazard is "practically unavoidable". The standard is not whether it was absolutely impossible to avoid the hazard but whether, under all the circumstances, safer alternatives were impractical.

**Kirsch v. Plovidba**
971 F.2d 1026, 1030, 1031 (3d Cir. 1992)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                    :
         and                      :
TRUDIE HASTINGS HILL H/W          :
             Plaintiffs           :
         v.                       :
Schiffahrtsgesellschaft MS Priwall :   No. 02-CV-2713
mbH & Co. KG                      :
         and                      :
Reederei F. Laeisz G.m.b.h.,      :
Rostock                           :
             Defendants           :
_____
```

In addition, even if you find the hazard is obvious to the longshoremen but you also find that custom, or positive law or contract instructs the shipowner to rectify an obvious hazard, and if you further find that the shipowner knew or should have known that longshore workers frequently confront rather than

avoid a type of obvious hazard, you may then find the shipowner
negligent in not eliminating the hazard.

**Kirsch v. Plovidba**
971 F.2d 1026 (3d Cir. 1992)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                   :
        and                      :
TRUDIE HASTINGS HILL H/W         :
           Plaintiffs            :
        v.                       :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                     :
        and                      :
Reederei F. Laeisz G.m.b.h.,     :
Rostock                          :
           Defendants            :
_____
```

        Even if you find that a hazardous condition was obvious to
stevedore, you the jury may still find the shipowner negligent if
you find that the shipowner should have expected that an expert
stevedore could not or would not avoid the hazard or if you feel
that the turnbuckle's condition was practically unavoidable so
that based on custom, the shipowner knew that the longshoremen
would likely confront, rather than avoid the hazard.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                    :
          and                     :
TRUDIE HASTINGS HILL H/W          :
          Plaintiffs              :
          v.                      :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                      :
          and                     :
Reederei F. Laeisz G.m.b.h.,      :
Rostock                           :
          Defendants              :
_____
```

If you find that the crew failed to properly grease the turnbuckle and allowed it to rust, and allowed the lashing rod to be seated defectively, and if you find that properly greasing the turnbuckle and/or making certain that the rod was seated properly were part of the ship's responsibility, and that the inadequately greased and rusty turnbuckle and improperly seated lashing rod were a hazard to the longshore workers, then you may find that the defendant breached its turnover duty and caused plaintiff's injury.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                       :
             and                     :
TRUDIE HASTINGS HILL H/W             :
             Plaintiffs              :
             v.                      :
Schiffahrtsgesellschaft MS Priwall   :    No. 02-CV-2713
mbH & Co. KG                         :
             and                     :
Reederei F. Laeisz G.m.b.h.,         :
Rostock                              :
             Defendants              :
_____
```

An injury or damage is proximately caused by an act, or
failure to act, whenever it appears from the evidence in the case
that the act or omission played a part in bringing about or
actually causing injury or damage, and that the injury or damage
was either a direct result or a reasonably probable consequence
of the act or omission.

**Causation**

O'Malley, Greney & Lee
Federal Jury Practice and Instruction
(5th Ed.) §156.250

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

```
CORNELIUS HILL                    :
            and                   :
TRUDIE HASTINGS HILL H/W          :
                Plaintiffs        :
            v.                    :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                      :
            and                   :
Reederei F. Laeisz G.m.b.h.,      :
Rostock                           :
                Defendants        :
_____
```

The law does not recognize only one proximate casue of an injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

**More than One Proximate Cause**

O'Malley, Greney & Lee
Federal Jury Practice and Instructions
(5th Ed.) §120.61

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                    :
            and                   :
TRUDIE HASTINGS HILL H/W          :
                Plaintiffs        :
```

```
              v.                    :
Schiffahrtsgesellschaft MS Priwall  :    No. 02-CV-2713
mbH & Co. KG                        :
          and                       :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
              Defendants            :
_____
```

The Defendant contends that even if plaintiff was negligent the Plaintiff was himself negligent, and that such negligence contributed to or was a proximate cause of his own injury. The Defendant has the burden of proving this claim by preponderance of the evidence. Thus, the burden is upon the Defendant to establish by a preponderance of the evidence:

1.  That the Plaintiff was negligent, and

2.  That such negligence was a proximate cause of the Plaintiff's own damage.

The definition of negligence and cause apply here as well. Plaintiff has a duty to use the care which a reasonably careful person would use under similar circumstances. The Defendant must prove by a preponderance of the evidence that Plaintiff's failure to use due care contributed in some way to bringing about the injury or damage of which Plaintiff complains.

If you find in favor of the Defendant on this defense, such finding will not prevent recovery by the Plaintiff. This finding only reduces the amount of Plaintiff's recovery. In other words, if you find that the injury was due partly to the fault of the Plaintiff, that his own negligence was, for example, 10% responsible for his own damage, then you would fill in that percentage as your finding on the special verdict form that will be submitted to you. Such a finding would not prevent the Plaintiff from recovery; the Court will merely reduce the Plaintiff's total damages by the percentage you insert. Of course, by using the number 10% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Plaintiff was negligent, you might find Plaintiff's negligence in any percentage amount.

**<u>Comparative Negligence</u>**

**<u>Devitt, Blackman and Wolf</u>**
Federal Jury Practice and Instructions

O'Malley Greney, & Lee
Federal Jury Practice and Instructions

**<u>Socony-Vacumm Oil Co. v. Smith</u>**
305 U.S. 424 59 S.Ct. 262 (1939)

**<u>Pope and Talbot, Inc. v. Hawn</u>**
346 U.S. 406, 74 S.Ct. 202 (1953)

**<u>Serbin v. Bora Corp.</u>**
96 F.3d 66 (3d Cir. 1996)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                      :
         and                        :
TRUDIE HASTINGS HILL H/W            :
             Plaintiffs             :
         v.                         :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                        :
         and                        :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
             Defendants             :
_____
```

In considering the claim of defendant that plaintiff was

guilty of comparative negligence, you will bear in mind that plaintiff is not chargeable with any negligent conduct of plaintiff's employer, the stevedore company, or of any of the plaintiff's fellow employees.

Plaintiff is only chargeable with plaintiff's own conduct. So in connection with the defendant's claim of contributory negligence, you will consider only what plaintiff did or failed to do at the time and place in question as shown by a preponderance of the evidence in the case.

**Negligence of Employer or Fellow Employees**
**Not Imputed to Plaintiff**

O'Malley, Greney & Lee
Federal Jury Practice and Instructions
(5th Ed.) §156.262

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS HILL | : |
| and | : |
| TRUDIE HASTINGS HILL H/W | : |
| Plaintiffs | : |
| v. | : |
| Schiffahrtsgesellschaft MS Priwall | : No. 02-CV-2713 |
| mbH & Co. KG | : |
| and | : |
| Reederei F. Laeisz G.m.b.h., | : |
| Rostock | : |
| Defendants | : |

If you find in favor of the Plaintiff, you must then find an amount of money damages that will reasonably and fairly compensate the Plaintiff for all of the physical and financial injury he has sustained as a result of the accident.  The amount which you award today must compensate the Plaintiff completely

for damage sustained in the past, as well as damage the Plaintiff
will sustain in the future.

**Damages**

**Devitt, Blackman and Wolf**

Federal Jury Practices and Instructions
§95.20

```
            UNITED STATES DISTRICT COURT FOR THE
              EASTERN DISTRICT OF PENNSYLVANIA


_____
CORNELIUS HILL                      :
        and                         :
TRUDIE HASTINGS HILL H/W            :
              Plaintiffs            :
          v.                        :
Schiffahrtsgesellschaft MS Priwall  :    No. 02-CV-2713
mbH & Co. KG                        :
        and                         :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
              Defendants            :
_____
```

        If you decide for the Plaintiff on the question of
liability, you should include in your verdict, compensation for
the injury you find that he suffered and for the mental and
physical pain and suffering, and anxiety experienced and loss of
capacity for life's pleasure which you find to have been caused
by the negligence of Defendant.  The Plaintiff is entitled to
recover a sume of money which will justly and fairly compensate
him for his injury and for his conscious pain and suffering and
his loss of life's pleasures due to the accident which he

experienced in the past and which he is reasonably certain to suffer in the future from the injury in question.

**Pain and Suffering and Loss of Life's Pleasures**

**Earl v. Bouchard Transportation Co.**
917 F.2d 1320, 1325-27 (2d Cir. 1991)

**Dugas v. Kansas City S. Ry. Lines**
473 F.2d 821, 827 (5th Cir. 1973)
(F.E.L.A.) <u>cert. den'd</u>, 414 U.S. 823 (1973)

Federal Jury Practice and Instructions
§85.02

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____
CORNELIUS HILL                    :
            and                   :
TRUDIE HASTINGS HILL H/W          :
            Plaintiffs            :
        v.                        :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                      :
            and                   :
Reederei F. Laeisz G.m.b.h.,      :
Rostock                           :
            Defendants            :
_____

        No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damage.  Any such award should be fair and just in the light of the evidence.

        While the Court can give you no yardstick to measure the monetary value of pain and suffering and the inconvenience suffered by the Plaintiff, you may take into consideration units of time insofar as they reflect periods of pain of suffering and the intensity of such pain and suffering during those periods.

**Devitt, Blackman and Wolf**
Federal Jury Practice and Instructions §85.04

**Imperial Oil Ltd. v. Drlik**
234 F.2d 4, 11 (6th Cir.) <u>cert. den'd</u>
352 U.S. 941 (1956)

**Bowers v. Pennsylvania R.R. Co.**
182 F.Supp. 756, <u>aff'd</u> F.2d
953 (3d Cir. 1960)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                     :
          and                      :
TRUDIE HASTINGS HILL H/W           :
             Plaintiffs            :
          v.                       :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                       :
          and                      :
Reederei F. Laeisz G.m.b.h.,       :
Rostock                            :
             Defendants            :
_____
```

    In addition, if you find that any of Plaintiff's injuries
are permanent, you must also make such allowance in your verdict
as you think the circumstances warrant taking into consideration
the period of time that has elasped from the date of injury to
the present time and the period of time Plaintiff can be expected
to live.  In this connection, you have heard evidence regarding
Plaintiff's life expectancy.  You may consider this testimony
together with your own experience and the evidence you have heard
concerning the condition of Plaintiff's health, his habits,
employment and activities in determining what the Plaintiff's
present life expectancy is.

**Effect of Permanent Injury**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                    :
        and                       :
TRUDIE HASTINGS HILL H/W          :
            Plaintiffs            :
        v.                        :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                      :
        and                       :
Reederei F. Laeisz G.m.b.h.,      :
Rostock                           :
            Defendants            :
_____
```

    If your verdict is for the Plaintiff, it should include the
reasonable costs of hospitalization, medical care, treatment and
services necessarily or reasonably obtained by the Plaintiff in
the past, and reasonably probable to be so incurred in the future
for the treatment and care of his continuing condition.

**edical Expenses For Care and Treatment of Plaintiff**

**Devitt, Blackman and Wolff**
Federal Jury Practice and Instructions
§85.04 and §95.20

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                       :
        and                          :
TRUDIE HASTINGS HILL H/W             :
             Plaintiffs              :
         v.                          :
Schiffahrtsgesellschaft MS Priwall   :    No. 02-CV-2713
mbH & Co. KG                         :
        and                          :
Reederei F. Laeisz G.m.b.h.,         :
Rostock                              :
             Defendants              :
_____
```

Plaintiff is entitled to be reimbursed for the loss of earnings, and for the loss of health, welfare and pension benefits he has suffered as a result of his injuries from the time he was injured to the present date and for such losses as you feel he will lose in the future due to the injuries sustained aboard Defendant's vessel.

**Lost Wages**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                       :
          and                        :
TRUDIE HASTINGS HILL H/W             :
          Plaintiffs                 :
          v.                         :
Schiffahrtsgesellschaft MS Priwall   :    No. 02-CV-2713
mbH & Co. KG                         :
          and                        :
Reederei F. Laeisz G.m.b.h.,         :
Rostock                              :
          Defendants                 :
_____
```

        In arriving at the amount of the award, you should include:

        First, the value of his past wage loss, shown by the
evidence in the case to have been necessarily lost up to date by
the Plaintiff since the injury, becasue of being unable to pursue
his occuaption, as a proximate result of the injury.

        Second, also such sum as will reasonably compensate the
Plaintiff for any loss (or reduction) of future earnings or
earnings capacity, proximately caused by the injury in question,
which you find from the evidence in the case that Plaintiff is
reasonably certain to suffer in the future.  In determining this
amount, you should consider what Plaintiff's health, physical
ability and earning powere were before the accident, and what
they are now; the nature and extent of his injuries, whether or
not they are reasonably certain to be permanent; or if not
permanent; the extent of their duration; all to the end of
determining, first, the effect, if any, of his injury upon his
future earning capacity, and, second, the present value of any
loss of future earning power, which you find from the evidence in
this case that Plaintiff is reasonably certain to suffer in the
future, as a proximate result of the injury in question.

        In determining this amount you must ascertain the difference
between the yearly amounts which the Plaintiff probably would or
could have earned during his life expectancy, but for his
injuries, and the amounts, if any, he will probably be able to

earn during the period of his life expectancy.

**Damages - Loss of Earnings - Loss of Earnings Power - Past and Future**

**Devitt, Blackman and Wolff**
Federal Jury Practice and Instructions, §85.07

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____
CORNELIUS HILL                          :
            and                         :
TRUDIE HASTINGS HILL H/W                :
            Plaintiffs                  :

```
                  v.                    :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                        :
          and                       :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
                  Defendants        :
_____
```

    In determining how long a person will work, or would have
worked except for an accident that has occurred to the, it is
permissible for you to find that the injured person would work
until age 65, or even beyond.

    In making your determination as to how long the Plaintiff
would work into the future before fully retiring, you may take
into account the fact that full Social Security Benefits accrue
to age 66.

**Work Expectancy**

**Gornia v. National Railroad Passenger Corp.**
889 F.2d 481, 486-487 (3rd Cir. 1989)

42 U.S.C. §416(1)(1)(A); <u>Gorniak</u>, <u>Supra</u>.

                  UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                      :
          and                       :
TRUDIE HASTINGS HILL H/W            :
              Plaintiffs            :
                  v.                :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                        :
          and                       :
```

Reederei F. Laeisz G.m.b.h.,          :
Rostock                                :
                    Defendants         :

_____


        In determining Plaintiff's future losses, if you find that
his ability to earn has been impaired and that he will suffer
pecuniary loss in the future by reason of the factor, then you
should consider the life expectancy he might have, how long he
may have worked in the future but for the accident, and his
opportunity to obtain employment in view of his disability.  In
this connection, you must bear in mind that this element of
damage for the capacity or power to earn, the fact that one's
wages may be the same after an accident as before is not
conclusive.  For it is the status of the immediate present which
determines capacity for employment.  Where permanent injury is
involved, the work span of life must be considered.


                UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF PENNSYLVANIA


_____
CORNELIUS HILL                         :
        and                            :
TRUDIE HASTINGS HILL H/W               :
            Plaintiffs                 :
        v.                             :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                           :
        and                            :
Reederei F. Laeisz G.m.b.h.,           :
Rostock                                :
                    Defendants         :

_____

The Plaintiff has this one opportunity to recover damages for any and all past, present and future damages.

Your verdict is to include any and all past, present and future damages you find the Plaintiff is entitled to receive.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                    :
         and                      :
TRUDIE HASTINGS HILL H/W          :
              Plaintiffs          :
         v.                       :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                      :
         and                      :
Reederei F. Laeisz G.m.b.h.,      :
Rostock                           :
              Defendants          :
_____
```

The Plaintiff's spouse is entitled to be compensated for the
loss of the injured party's services to her and the loss of
companionship of her spouse