UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                     :
          and                      :
TRUDIE HASTINGS HILL H/W           :
          Plaintiffs               :
          v.                       :
Schiffahrtsgesellschaft MS Priwall :   No. 02-CV-2713
mbH & Co. KG                       :
          and                      :
Reederei F. Laeisz G.m.b.h.,       :
Rostock                            :
          Defendants               :
_____
```

## ORDER

AND NOW, this      day of                        ,
2004, it is hereby **ORDERED** and **DECREED** Plaintiff's Motion in
Limine to preclude certain opinion testimony of Defendant's
liability expert Mr. Walter Curran is **GRANTED**.  The following
testimony by Mr. Curran will not be admitted at trial:

1.   Any and all opinion testimony regarding the legal
duties and responsibilities of any of the parties involved in
this lawsuit, or any other question of law;

2.   Any and all opinion testimony on the credibility of
witnesses, or that otherwise infringes on the province of the
jury to assess the credibility of witnesses and/or determine the
facts.

3.   Any and all opinion testimony based upon speculation or conjecture.

4.   Any and all opinion testimony that is not based upon reasonable professional certainty.

5.   Any and all opinion testimony that Mr. Curran does not have the qualification and/or expertise to give.


BY THE COURT:


_____
                                                            J.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                     :
          and                      :
TRUDIE HASTINGS HILL H/W           :
               Plaintiffs          :
          v.                       :
Schiffahrtsgesellschaft MS Priwall :    No. 02-CV-2713
mbH & Co. KG                       :
          and                      :
Reederei F. Laeisz G.m.b.h.,       :
Rostock                            :
               Defendants          :
_____
```

**MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY BY
DEFENDANTS' LIABILITY EXPERT, WALTER CURRAN**

Plaintiffs, Cornelius Hill and Trudie Hastings Hill, by and through their attorney, E. Alfred Smith, hereby move in limine to preclude the following testimony by Defendants' liability expert, and in support thereof, assert as follows:

1.    Plaintiff Cornelius Hill, a longshoreman, filed this lawsuit against Defendants Priwall and Laeisz to recover damages for personal injuries that he sustained while working aboard the M/V SEA PANTHER.

2.    Defendants are the owner and operator of the merchant vessel M/V SEA PANTHER.  During the time period relevant to this action, the Defendants chartered the M/V SEA PANTHER to Crowley American Transport ("Crowley").  The M/V SEA PANTHER, a container vessel, was involved in regular liner service carrying containers between ports throughout the east coast of South America and the east coast of the United States.

3.    On August 24, 2000, the M/V SEA PANTHER, was docked at a pier and terminal operated by Delaware River Stevedores ("DRS") in the Port of Philadelphia.  Containers being carried on the vessel were to be discharged by employees of DRS, an independent stevedoring contractor.

4.    At approximately 10:30 p.m. on August 24, 2000, the vessel was turned over to DRS and its employees (the longshoremen) to commence discharge operations.  The unlashing of the containers stowed on the vessel was part of the discharge operations.  The unlashing of the containers stowed on the vessel was part of the discharge operation and had to be carried out before the containers could be lifted off the vessel by a crane.

5.    Plaintiff Cornelius Hill and his co-employee, Dwight Jones, were employed by DRS as longshoremen.  At the start of the discharge operation, Mr. Hill and Mr. Jones were assigned to unlash containers from the aft part of the vessel.

6.    Mr. Hill and Mr. Jones boarded the vessel and unlashed one "bay" or section of containers without any problems.

7.    The accident in question occurred while Mr. Hill and Mr. Jones were unlashing containers at a second bay.  Before they

started work near the second bay, Mr. Hill and Mr. Jones inspected the area and they did not see any defects or problems.

8.    Plaintiff Cornelius Hill was injured when he was struck by a falling lashing bar, which was part of the lashing gear used to lash or secure the containers to the deck of the vessel so they did not shift or move during the voyage.

9.    Defendants have retained Mr. Walter F. Curran to testify as a liability expert in this case.  In discovery, Defendants produced an April 25, 2003 report of Mr. Curran.  A true and correct copy of Mr. Curran's April 25, 2003 report is attached as Exhibit "1".

10.    Plaintiffs anticipate that Mr. Curran will be called to testify to opinions that are consistent with the opinions set forth in his April 25, 2003 report.

11.    Many opinions expressed by Mr. Curran in his report are inadmissible at trial because they either relate to questions of law, which are for the Court to determine, or they relate to credibility determinations, which are for the jury to decide.

12.    Rule 702 of the Federal Rules of Evidence governs testimony by experts, and provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

> (3) the witness has applied the principles
> and methods reliably to the facts of the case.

F.R.E. 702

13.  Expert opinions on questions of law are not admissible. See, e.g., *Aguilar v. International Longshoremen's Union* 966 F.2d 443, 447 (9th Cir. 1992); *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2nd Cir. 1977).

14.  In his April 25, 2003 report, Mr. Curran offers opinions regarding the legal responsibilities of the parties involved in this case, which are legal questions reserved for the Court, and are thus inadmissible.

15.  An expert witness is also not permitted to testify to opinions on questions of fact, which are determinations reserved for the jury. See, e.g., *U.S. v. Whitted*, 11 F.3d 782 (8th Cir. 1993) (observing that "[a] doctor also cannot pass judgment on the alleged victim's truthfulness in the guise of a medical opinion, because it is the jury's function to decide credibility); *United States v. Barnard*, 490 F.2d 907 (9th Cir. 1973); *cert. denied*, 416 U.S. 959, 94 S.Ct. 1976 (1974).

16.  Mr. Curran's report offers opinions on the credibility of witnesses, opinions which are not admissible at trial.

17.  Most, if not all, of Mr. Curran's opinions are based upon speculation or conjecture.  An experts' opinions are not permitted to be based upon speculation or conjecture.

18.  Most, if not all, of Mr. Curran's opinions are beyond his professional background and experience.  An expert is not permitted to give opinions beyond the purview and scope of his expertise.

**WHEREFORE,** Plaintiffs respectfully request that this Court grant their Motion in Limine and preclude Mr. Curran from offering opinions on both question of law and questions of fact at trial.

Respectfully submitted,


E. ALFRED SMITH & ASSOCIATES



_____
E. Alfred Smith
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiffs
Cornelius Hill and Trudie
Hastings Hill

Dated:

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                      :
          and                       :
TRUDIE HASTINGS HILL H/W            :
          Plaintiffs                :
          v.                        :
Schiffahrtsgesellschaft MS Priwall  :    No. 02-CV-2713
mbH & Co. KG                        :
          and                       :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
          Defendants                :
_____
```

**MEMORANDUM OF LAW**

_____As stated in their response to Defendants' Motion, Plaintiffs do not believe that Motions In Limine to restrict experts' testimony should be granted.

However, if the Court accepts Defendants' reasoning as to Plaintiffs' expert, Plaintiffs believe that the Court should enter a similar Order against Defendants' expert because his report is along the same lines as that of Plaintiffs' expert.

Respectfully,

E. ALFRED SMITH & ASSOCIATES

_____
E. Alfred Smith
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has, on this date, caused a true and correct copy of Plaintiffs' Motion in Limine to Preclude Certain Testimony by Defendants' Liability Expert, Walter Curran to be served by first class mail, postage prepaid, on the date listed below upon the following party or counsel of record:

        Carl D. Buchholz, III, Esquire
        Rawle & Henderson LLP
        The Widener Building
        One South Penn Street
        Philadelphia, PA 19107
        Counsel for Defendants
        Schiffahrtsgesellschaft MS Priwall mbH & Co. KG
        Reederei F. Laeisz G.m.b.h., Rostock


        _____
        E. Alfred Smith
        Attorney for Plaintiffs
        Cornelius Hill and Trudie Hastings
        Hill


Date: