UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS HILL<br>and<br>TRUDIE HASTINGS HILL H/W<br>                     Plaintiffs<br>SCHIFFAHRTSGESELLSCHAFT MS<br>PRIWALL mbH & Co. KG<br>and<br>REEDEREI F. LAEISZ G.m.b.h., ROSTOCK<br>                     Defendants | NO. 02-CV-2713<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY**
**BY DEFENDANTS' LIABILITY EXPERT, WALTER CURRAN**

Defendants Schiffahrtsgesellschaft MS Priwall mbH & Co. KG ("Priwall") and Reederei F. Laeisz G.m.b.h., Rostock ("Laeisz"), by their attorneys, Rawle & Henderson, LLP, respectfully submit this Memorandum in Opposition to Plaintiffs' Motion in Limine to Preclude Certain Testimony by Defendants' Liability Expert, Walter Curran.

On February 26, 2004 defendants filed a motion in limine to preclude certain opinion testimony of plaintiffs' liability expert Captain Joseph Ahlstrom. The defendants' Motion sought to preclude plaintiffs from offering opinion testimony of Captain Ahlstrom as to questions of fact, which are reserved for the Court, and questions of law, which are reserved for the jury.

Plaintiffs' motion in limine makes essentially the same arguments with respect to the testimony of defendants' liability expert, Mr. Walter Curran. Defendants agree with plaintiffs that no expert should be permitted to offer opinions on questions of law or assess the credibility of witnesses. Accordingly, defendants will not offer any opinion testimony of Mr. Curran of that

946600 v.1

nature.

In comparing the expert reports, however, the Court will note substantial differences between the two. Captain Ahlstrom's conclusions are based entirely upon inadmissible legal conclusions regarding the duty of care owed by defendants and inadmissible factual conclusions regarding the credibility of witnesses. In contrast, Mr. Curran's report offers opinions on (1) the proper use of the lashing equipment, (2) the level of expertise expected of the stevedore, (3) and ordinary practices and procedures of a competent stevedore upon encountering a problem with the lashing equipment. All of these opinions are based upon the expertise that Mr. Curran' has developed through both his education and his more than thirty years of experience in the stevedoring business. All of these opinions will be helpful to the jury in deciding the facts of this case. Therefore, these opinions are admissible under the Federal Rules of Evidence.

Because defendants agree not to offer opinions of Mr. Curran on either questions of law or the credibility of witnesses, defendants respectfully request that the Court deny plaintiffs' Motion.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: _/s/ David S. Santee_
Carl D. Buchholz, III, Esquire
David S. Santee, Esquire
Attorneys for Defendants

The Widener Building
One South Penn Square
Philadelphia, PA 19107
Phone: (215) 575-4200.

DATED: 3-4-04

2

946600 v.1

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS HILL<br>and<br>TRUDIE HASTINGS HILL H/W<br>          Plaintiffs<br>SCHIFFAHRTSGESELLSCHAFT MS<br>PRIWALL mbH & Co. KG<br>and<br>REEDEREI F. LAEISZ G.m.b.h., ROSTOCK<br>          Defendants | NO. 02-CV-2713<br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of plaintiffs' Motion in Limine to Preclude Certain Testimony by Defendants' Liability Expert, Walter Curran, and defendants' response thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____ J.

946600 v.1

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing Memorandum in Opposition to Plaintiffs' Motion in Limine to Preclude Certain Testimony by Defendants' Liability Expert, Walter Curran was served via Hand Delivery to the following counsel of record:

E. Alfred Smith, Esquire
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
Attorney for Plaintiffs


*/s/ David S. Santee*
Carl D. Buchholz, III, Esquire
David S. Santee, Esquire


On this 4th day of March 2004.

946600 v.1