**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CORNELIUS HILL, et al. | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| NSB NIEDERELBE | : | 02-2713 |
| SCHIFFAHRTSGES.MBH & CO., et al. | : | |

**<u>MEMORANDUM AND ORDER</u>**

**Baylson, J.**                                                                      **March 5, 2004**

The Court held a final pretrial conference in this case on February 26, 2004 and March 5, 2004.  The case has been set for trial on March 29, 2004, or to follow a criminal case also scheduled for that date.

The Court has heard argument and has ruled on all but one pretrial motion, entitled Motion in Limine to Preclude References to Duties under the Charter Party and Instructions/Directions from the Vessel's Owners to the Vessel's Operators (Doc. No. 66).  This motion has been taken under advisement.

At the pretrial conference, the Court ruled on Defendants' objections to various deposition testimony.  There remain some objections to Plaintiffs' documents, but these are few in number and the Court's ruling on the admissibility of these documents and certain related deposition testimony will most likely be governed by the Court's ruling on the open Motion in Limine (Doc. No. 66).

Also at the pretrial conference, the Court denied without prejudice, with leave to raise at trial, two other motions by Defendants, to preclude testimony of Plaintiffs' medical expert (Doc.

No. 72)  and to preclude Plaintiff's claim for loss of earnings after October 15, 2001 (Doc. No.

73).

      Both Plaintiffs and Defendants filed Motions in Limine to preclude certain opinion

testimony of the other party's expert (Doc. Nos. 67 and 76).  To the extent that these experts'

reports state opinions on the credibility of fact witnesses, such testimony will not be allowed.

See Griggs v. BIC Corp., 844 F. Supp. 190, 201 (M.D. Pa. 1994), aff'd, 37 F.3d 1486 (3d Cir.

1994) (finding that Fed. R. Evid. 702 prohibits expert witnesses from commenting on the

credibility of fact witnesses); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal

Evidence, § 702.06[1] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997).  To the extent

that these experts' reports refer to legal principles, the Court will exclude such testimony from

the expert, because, under Fed. R. Evid. 702,  it is the province of the Court to instruct the jury

on the legal principles during the charge.  See Paul Morelli Design, Inc. V. Tiffany & Co., 200 F.

Supp. 2d 482, 486 (E.D. Pa. 2002) (holding that it is for the court, not an expert, to discuss the

law); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 702.03[3]

(Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997).  However, the experts may give

testimony as to custom and usage, or standard practices of the trade, because as the Court ruled in

its Memorandum of December 30, 2003, denying Defendants' Motion for Summary Judgment,

the issue of custom and practice may be relevant for the jury to assess the liability issues in this

case.  See, e.g., Kirsch v. Plovidba, 971 F.2d 1026 (3d Cir. 1992).  However, if necessary under

Fed. R. Evid. 403, the Court will preclude any expert testimony about custom and usage that

clearly contradicts an established principle of law.  See American Bearing Co. v. Litton

Industries, Inc., 729 F.2d 943, 949 (3d Cir. 1984) (ruling that, under Fed. R. Evid. 403, an expert

witness's testimony that was contrary to the law could be excluded).

Defendants also filed a Motion in Limine to preclude Plaintiffs' expert, Captain Ahlstrom for lack of relevant expertise (Doc. No. 81). The Court did not receive this motion in time for the final pretrial conference and the parties did not raise the motion or discuss it at the conference. However, the Court finds that Captain Ahlstrom has sufficient expertise regarding the supervision of vessels such as the one involved in this case and of the duties involved, including the turnover duty at issue in this case. Accordingly, Defendants' Motion is denied.

For these reasons, the parties' Motions in Limine to exclude each other's experts (Docket Nos. 67 and 76) are GRANTED in part and DENIED in part; Defendants' Motion to preclude Plaintiffs' liability expert for lack of expertise (Doc. No. 81) is DENIED; Defendants' Motions to preclude claims regarding medical expenses and loss of earnings (Doc. No. 72 and 73) are DENIED without prejudice and with leave to raise at trial; and Defendants' Motion to preclude references to the charter party (Doc. No. 66) and objections to exhibits (Doc. No. 60) are held under advisement.

BY THE COURT:

_____
Michael M. Baylson, J.

O:\CIVIL\02-2713 Hill v. NSB\02-2713 Hill Memo & Order 3-5-04.wpd