UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
CORNELIUS HILL                      :
        and                         :
TRUDIE HASTINGS HILL H/W            :
           Plaintiffs               :
        v.                          :
Schiffahrtsgesellschaft MS Priwall  :   No. 02-CV-2713
mbH & Co. KG                        :
        and                         :
Reederei F. Laeisz G.m.b.h.,        :
Rostock                             :
           Defendants               :
_____
```

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

I.   **The Offer of Judgment has no bearing**

Defendants' Bill of Costs was filed pursuant to 28 U.S.C. §1920 and F.R.C.P. 54(d), not Rule 68.  As the Supreme Court has clearly stated, Rule 68 does <u>not</u> apply in a case where there is a judgment in favor of Defendant.  <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 351 (1981).  In addressing how, if at all, Rule 68 would alter the taxing of costs in favor of the prevailing party, the Supreme Court stated "if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the Defendant and only to judgments obtained by the Plaintiff.  It therefore is simply inapplicable to this case [<u>Delta Air Lines</u>] because it was the Defendant that obtained the judgment."  <u>Id</u>. At 352.

The instant matter is identical.  Judgment was rendered in favor of the Defendant, and thus Rule 68 is inapplicable.  <u>See</u>

*Tai Van Le v. University of Pennsylvania*, 321 F.3d 403, 411 (3d Cir. 2003) ("Rule 68 does not apply if Defendant wins the underlying lawsuit....[F]or the cost-shifting provision of Rule 68 to apply, the Plaintiff must obtain some judgment against the Defendant."). Therefore, Plaintiffs' rejection of Defendant's Offer of Judgment is irrelevant.

II. **Most of the claims are not recoverable as costs**

F.R.Civ.P. 54(d)(1) refers to "all" costs other than attorney's fees, and this means the costs allowable pursuant to 28 U.S.C. §1920.

Under 28 U.S.C. §1920 the only costs allowable are as follows:

(2) **Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case**;

The amount being claimed by Defendants is for an original transcript plus one copy. The copy is for the convenience of counsel, so it is not allowable. The correct amount can't be determined from Defendant's submission, so Plaintiffs object to the entire amount being claimed.

(3) **Fees and disbursements for printing and witnesses;**

The amount being claimed is far in excess of the witness fee plus mileage permitted by 28 U.S.C. §1820. It is not broken down, so Plaintiffs object to the entire amount of $10,925.75, which is exorbitant.

(4) **Fees for exemplification and copies of papers necessarily obtained for use in the case;**

The amounts being claimed are not allowable. Ethical rules permit counsel to charge only their cost for copying, and this is generally accepted to be $.10 per page, so the charge for in-house copying of $.25 per page is excessive. There is no itemization of what was copied, and much of it could be copying reports sent to the client, and these are clearly not allowable.

The charges for outside costs are for the production of exhibits used at trial ,and this does not fall within either allowable "exemplification" or "copies."

Plaintiffs object to both.

(6) **Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.**

There were no interpreters used during trial or during the deposition of the ship's Captain, so the interpretations at issue must have been for the convenience of counsel and are therefore not allowable.

**MISCELLANEOUS**

The claim for fees for service of summons and subpoenas does not fall within any category of recoverable costs, so Plaintiffs object.

                              E. ALFRED SMITH & ASSOCIATES

                     By:   s/EAS2320
                           1333 Race Street, 2nd Fl.
                           Philadelphia, PA 19107
                           (215) 569-8422
                           Attorney for Plaintiffs
                           Cornelius and Trudie Hastings
                           Hill

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has, on this date, caused a true and correct copy of Plaintiffs' Objections to Defendant's Bill of Costs to be served by first class mail, postage prepaid, on the date listed below upon the following party or counsel of record:

>Carl D. Buchholz, III, Esquire
>David Santee, Esquire
>Rawle & Henderson LLP
>The Widener Building
>One South Penn Street
>Philadelphia, PA 19107
>Counsel for Defendants
>Schiffahrtsgesellschaft MS Priwall mbH & Co. KG
>Reederei F. Laeisz G.m.b.h., Rostock

>s/EAS2320
>Attorney for Plaintiffs
>Cornelius Hill and Trudie Hastings Hill

Date:    6/18/04