# EXHIBIT "F"

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS HILL | : | CIVIL ACTION |
| and | : | |
| TRUDIE HASTINGS HILL H/W | : | |
| Plaintiffs | : | |
| SCHIFFAHRTSGESELLSCHAFT MS | : | NO. 02-CV-2713 |
| PRIWALL mbH & Co. KG | : | |
| and | : | |
| REEDEREI F. LAEISZ G.m.b.h., ROSTOCK | : | |
| Defendants | : | |

## JURY INSTRUCTIONS

### JURY INSTRUCTION NO. 1

Now that you have heard the evidence and the arguments of the attorneys, it becomes my duty to instruct you as to the law applicable in this case. Upon the conclusion of my instructions, you will retire to consider your verdict. You must determine the facts from all the testimony that you have heard and the other evidence which has been received during this trial. You are the sole judges of the facts. No one, not even the Court, may infringe upon this responsibility. You may entirely disregard any comments I may make as to my recollection of the evidence during the trial if your recollection of the evidence is different from mine. Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of this case.

On the other hand, and with equal emphasis, I instruct you that you must accept the rules of law as I will give them to you and apply that law to the facts you have found. You are not to be concerned with the wisdom of any rule of law and you are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.

1

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, following the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

The evidence from which you should find the facts consists of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I instruct you to find.

The following are not evidence and must not be considered by you:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, you should ignore the question. If it is overruled, treat the answer like any other.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

## JURY INSTRUCTION NO. 2

You must decide this case on the facts only, with no guessing or conjecture on your part. You are not permitted to reach a verdict merely on the basis of speculation or conjecture. There must be evidence upon which your conclusions are logically based.

## JURY INSTRUCTION NO. 3

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, what each witness may have to gain or lose by testifying in a certain manner, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight,

if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 4

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

## JURY INSTRUCTION NO. 5

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time that witness has said or done something, or failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and, thus, discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to distrust such witness's testimony and other particulars, and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## JURY INSTRUCTION NO. 6

If you decide that a witness has deliberately falsified his or her testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his or her testimony, and you may refuse to believe the rest of this testimony, but you are not required to do so.

**JURY INSTRUCTION NO. 7**

In a civil case such as this one, the Plaintiff has the burden of proving each of the elements of his claims against Defendants by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate than not.

A fair preponderance of the credible evidence means nothing more than the fair weight of the evidence. You will weigh the testimony and evidence in favor of and against each party's contentions.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**JURY INSTRUCTION NO. 8**

There are two types of evidence: "direct evidence" and "circumstantial evidence." "Direct evidence" generally is direct proof of a fact – for example, the testimony of an eyewitness who claims to have seen an event. "Circumstantial evidence" generally is proof of one or more facts from which you may infer the existence or nonexistence of other facts. The law makes no distinction between the weight to be given to direct evidence and circumstantial evidence. In considering the evidence presented in this trial, you should give it such weight as you think it deserves whether it is direct evidence or circumstantial evidence.

## JURY INSTRUCTION NO. 9

Plaintiff Cornelius Hill, a longshore worker, seeks damages under the Longshore and Harbor Workers' Compensation Act for personal injuries suffered while working about the vessel MS Priwall, previously known as the MS Sea Panther, owned by Defendant Schiffahrtsgesellschaft MS Priwall mbH & Co. KG and operated by Defendant Reederei F. Laiesz G.m.b.h., Rostock. Plaintiff claims that Plaintiff's injuries were caused by the negligence of these Defendants.

## JURY INSTRUCTION NO. 10

Plaintiff Hill contends that the conduct of Defendants was negligent. Specifically, Plaintiff Hill claims that the Defendants failed to properly inspect the lashing rod and turnbuckle that injured Plaintiff Hill.

Defendants deny that they were negligent. They assert they inspected the lashing rod and turnbuckle and turned over the ship for unloading in accordance with their obligations. They assert the injury to Plaintiff was not caused by any act or omission on their part.

## JURY INSTRUCTION NO. 11

The Federal Longshore and Harbor Workers' Compensation Act provides that in the event an employee covered by the Act is injured by the negligence of a vessel, that employee is entitled to recover damages for those injuries and may bring an action against the vessel.

## JURY INSTRUCTION NO. 12

In order to prove a claim under the Longshore and Harbor Workers' Compensation Act, Plaintiff must prove by a preponderance of the evidence the following elements:

First, that Plaintiff is a worker covered by the Longshore and Harbor Workers' Compensation Act. This element is not disputed by the parties.

Second, that Plaintiff was injured while engaged in an essential part of the loading or unloading process of a vessel. This element is not disputed by the parties.

Third, that Defendants were negligent in one or more of the ways alleged.

Fourth, that the negligence of Defendants was a proximate cause of some injury and consequent damage sustained by Plaintiff Hill. These last two elements are disputed.

## JURY INSTRUCTION NO. 13

An injury or damage is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a part in bringing about or actually causing the injury, and that the injury was either a direct result or a reasonably probable consequence of the act or omission.

## JURY INSTRUCTION NO. 14

The law does not recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

## JURY INSTRUCTION NO. 15

You may also find that an act of a third party caused the accident and superseded all other causes. Generally, this means that the act of a third party was so unexpected and out of the ordinary that it "supersedes" any negligent act or acts that may have come before it. If you find there is such a superseding cause, any and all negligent acts or omissions that occurred prior to the superseding cause are not considered a legal cause of the harm to the plaintiff.

In this case, the defendants contend that the act of third party, namely Dwight Jones, was a superceding cause of the accident. If an act of Dwight Jones was a superceding cause of the accident, the defendants are not liable for any damages that the plaintiffs have sustained as a result of the accident.

You may find that the act of Dwight Jones was a superceding cause of the accident only if you find that Defendants have proven the following by a preponderance of the evidence:

First, Defendants had no reason to know that Dwight Jones would act as he did,

Second, a reasonable person would conclude that Dwight Jones's act was highly extraordinary, and

Third, the act of Dwight Jones was either extraordinarily negligent or not a natural consequence of any act or failure to act by the defendants.

## JURY INSTRUCTION NO. 16

The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by negligence.

## JURY INSTRUCTION NO. 17

This case concerns the "turnover duty" which refers to a shipowner's obligation with respect to transferring control of areas of the vessel, its equipment and cargo to the stevedore and longshore workers. This duty comprises both a duty to provide safe conditions and a corollary duty to warn of nonobvious hazards in instrumentalities and areas turned over to the stevedore's control.

This duty means that the Defendants exercise ordinary care under the circumstances to turn over the ship and its equipment and appliances in such condition that an expert and experienced stevedoring contractor, mindful of the dangers he should reasonably expect to encounter, arising from the hazards of the ship's service or otherwise, will be able, by the exercise of ordinary care, to carry on cargo operations with reasonable safety to persons and property.

Thus, as to conditions existing when the longshore workers began to work on board the ship, you may find that Defendants were negligent if you find Plaintiff has proved by a preponderance of evidence the following:

    First, that Plaintiff Hill's injuries were caused by a defect in the vessel or its equipment or a latent defect in the cargo area.

    Second, that either Defendant knew of, or by the exercise of reasonable care should have discovered, the danger on board the ship that led to Plaintiff Hill's injury.

    Third, that the danger was one that was likely to be encountered by a stevedore in the course of the unloading operations.

    Fourth, that the danger was one that Plaintiff's employer, the stevedore, did not know about and that would not be obvious to or anticipated by a reasonably competent stevedore.

## JURY INSTRUCTION NO. 18

The duty discussed above is only applicable to the ship's equipment, gear, tools, and work space or to a latent defect in the cargo area. The Defendants have no general duty to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to a stevedore. The Defendants have no duty to supervise or inspect cargo loaded or unloaded by the stevedore.

However, the Defendants do have a duty to warn of latent defects in the cargo stow and cargo area. This duty is a narrow one and attaches only to latent hazards, defined as hazards that are not known to the stevedore and that would be neither obvious to nor anticipated by a skilled stevedore in the competent performance of his work. The duty encompasses only those hazards that are known to the vessel or should be known to it in the exercise of reasonable care.

## JURY INSTRUCTION NO. 19

As I mentioned above, the Defendants are not liable if the danger that caused Plaintiff Hill's injury would have been obvious to a reasonably competent stevedore. However, there is an exception to this rule. The Defendants may be liable for an obvious hazard because custom, positive law or contract instructs the shipowner to rectify the particular hazard, regardless of its obviousness. For example, where a shipowner should know that longshore workers frequently confront rather than avoid a type of obvious hazard, the shipowner may be negligent in not eliminating the hazard, although the Plaintiff's recovery may be reduced according to his or her comparative fault. I will instruct you about comparative fault later in these instructions.

## JURY INSTRUCTION NO. 20

If your verdict is for Plaintiff as to liability, you should consider whether to award any damages to Plaintiff Trudy Hastings Hill which she has suffered or will suffer by reason of her husband's injury, of loss of Plaintiff's services, comfort, society and attentions in the past and in the future.

## JURY INSTRUCTION NO. 21

The fact that Defendants are corporations must not play any role in your consideration because corporations and individuals are equal in the eyes of the law. A corporation may act only through people as its employees and is generally responsible under the law for any of the acts or statements of its employees made within the scope of their duties as employees of the corporation.

## JURY INSTRUCTION NO. 22

The party claiming damages has the burden of proving by a preponderance of the evidence each and every item of damage for which it claims compensation.

## JURY INSTRUCTION NO. 23

If you find that Defendants are liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called "compensatory damages." The purpose of "compensatory damages" is to make Plaintiff whole, that is to compensate Plaintiff for damages he has suffered.

Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury. If you find Defendants liable, Plaintiff is entitled to compensatory damages for any lost wages, future wage loss, medical expenses, pain and suffering, or mental anguish he suffered because of Defendants' conduct, which Plaintiff has proved by a preponderance of the evidence.

You may award compensatory damages only for injuries that Plaintiff proves by a preponderance of the evidence were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages caused by Defendants, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has suffered or is reasonably likely to suffer in the future.

In calculating damages, you should be guided by dispassionate common sense. Although computing damages may be difficult, you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his damages with mathematical precision, but only with as much accuracy as circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## JURY INSTRUCTION NO. 24

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries

If you should find that Defendants have proven that Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available to Plaintiff under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount Plaintiff could have reasonably realized if Plaintiff had taken advantage of such opportunity.

## JURY INSTRUCTION NO. 25

Defendants contend that, even if it is found, from a preponderance of the evidence in the case, that there was some negligence on the part of Defendants, that was a proximate cause of any injuries and consequent damages Plaintiff may have sustained, Plaintiff was, nevertheless, guilty of contributory negligence, reducing the amount Plaintiff would otherwise be entitled to recover.

Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury. By the defense of contributory negligence, Defendants in effect allege that, even though Defendants may have been guilty of some negligent act or omission that was one of the proximate causes, Plaintiff, by Plaintiff's own failure to use ordinary care under the circumstances for Plaintiff's own safety at the time and place in question also contributed one of the proximate causes of any injuries and consequent

damages Plaintiff may have suffered.

The burden is on Defendants, who allege the defense of contributory negligence, to establish, by a preponderance of the evidence the claim that Plaintiff was also at fault, and contributed one of the proximate causes of any injuries and consequent damages Plaintiff may have sustained.

## JURY INSTRUCTION NO. 26

In considering the claim of Defendants that Plaintiff was guilty of contributory negligence, you will bear in mind that Plaintiff is not chargeable with any negligent conduct of Plaintiff's employer, the stevedore company, or of any of the Plaintiff's fellow employees. Plaintiff is only chargeable with Plaintiff's own conduct. So in connection with the Defendants' claim of contributory negligence, you will only consider what Plaintiff did or failed to do at the time and place in question as shown by a preponderance of the evidence in the case.

## JURY INSTRUCTION NO. 27

If you find for Plaintiff, but also find that Plaintiff's own negligence was a cause of Plaintiff's injury, you must specify the percentage of negligence you attribute to Plaintiff. For example, if you attribute to Plaintiff 10 percent of the total negligence which caused Plaintiff's injury, you should so specify on the verdict form. The court will then reduce the total damages awarded to Plaintiffs by the percentage you find Plaintiff Hill was contributorily negligent. Of course, by using 10 percent as an example, I do not mean to suggest any figure to you. The percentage of Plaintiff's negligence, if any, is for you to decide.

## JURY INSTRUCTION NO. 28

This completes my instruction on the rules of law applicable to this case. You will now retire to consider your verdict. Your verdict must be unanimous.

The attitude and conduct of the jurors at the outset of their deliberations are matters of considerable importance. Upon retiring to the jury room your deliberations should begin and proceed in an orderly fashion. Your first order of business in the jury room will be to select one of you as foreperson to preside over your deliberations. The foreperson's vote is entitled to no greater weight than that of any other juror.

If, in the course of your deliberations, you should find yourself in serious doubt concerning some portion of my instructions to you on the law, it is your privilege to return to the courtroom for further instructions. In such event you would transmit a note to me, through the bailiff, signed by your foreperson. No juror should attempt to communicate with the Court by any means other than a signed writing, and the Court will not communicate with any juror on any subject touching the merits of the case other than in writing, or orally here in open Court. You should not at any time reveal, even to the Court, how the jury stands numerically until you have reached a verdict.

Your function – to reach a fair conclusion from the evidence and the applicable law – is an important one. Your verdict should be reached only after careful and thorough deliberation, in the course of which you should consult with each other, and discuss the evidence and reasonable inferences to be drawn therefrom, freely and fairly, in a sincere effort to arrive at a just verdict. It is your duty to consider the issues with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. You must each decide the case for yourself, examining the issues and the evidence with candor and frankness, and with proper

deference to and regard for the opinions of each other. Mature consideration requires that you be willing to reexamine your own views and change your opinion if convinced that it lacks merit or validity. While maintaining this flexibility, you are not required to surrender your honest conviction as to the weight or effect of evidence solely because of another juror's opinion, or for the mere purpose of returning a verdict.

Your verdict must represent the jury's considered final judgment. Once you reach a verdict, you will then inform the bailiff that the jury has reached a verdict so that you can be returned to the courtroom to render your verdict.

Keep in mind that the dispute between the parties is, for them, a most serious matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. You should not allow sympathy or prejudice to influence your deliberations. You should not be influenced by anything other than the law and the evidence of the case. All the parties stand equally before the Court, and each is entitled to the same fair and impartial treatment at your hands.