# EXHIBIT "H"

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CORNELIUS HILL :
    and :
TRUDIE HASTINGS HILL, H/W :
 :
    Plaintiffs, :
 : NO. 02-CV-2713
    v. :
N.B. NIEDERELBE SCHIFFAHRTSFES. :
mbH & CO. :
 :
F. LAEISZ SCHIFFAHRTSGES.mbH & CO. :
    and :
CROWLEY AMERICAN TRANSPORT :
 :
    Defendants. :

**ANSWER OF DEFENDANT F. LAEISZ SCHIFFAHRTSGES.mbH & CO. TO
PLAINTIFFS' AMENDED COMPLAINT**

Defendant F. Laeisz Schiffahrtsges.mbH & Co. ("Laeisz"), by and through its attorneys, Rawle & Henderson, LLP, answers plaintiffs' Amended Complaint as follows:

1. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' Amended Complaint and, accordingly, denies same and demands proof thereof.

2. The allegations contained in paragraph 2 of plaintiffs' Amended Complaint are directed to another defendant, and are neither admitted nor denied by answering defendant. However, it is admitted that "Priwall" was the owner of the SEA PANTHER on August 25, 2000.

0734814.01

3. It is admitted that defendant Laeisz is a corporation incorporated in the Republic of Germany. The remaining allegations contained in paragraph 3 of plaintiffs' Amended Complaint are denied.

4. The allegations contained in paragraph 4 of plaintiffs' Amended Complaint are directed to another defendant, and are neither admitted nor denied by answering defendant.

5. The allegations contained in paragraph 5 of plaintiffs' Amended Complaint are directed to another defendant, and are neither admitted nor denied by answering defendant.

6. The allegations contained in paragraph 6 of plaintiffs' Amended Complaint are directed to another defendant, and are neither admitted nor denied by answering defendant.

7. The allegations contained in paragraph 7 of plaintiffs' Amended Complaint are directed to another defendant, and are neither admitted nor denied by answering defendant.

8. The allegations contained in paragraph 8 of plaintiffs' Amended Complaint are averments of law to which no response is required.

9. The allegations contained in paragraph 9 of plaintiffs' Amended Complaint concerning jurisdiction are conclusions of law to which no response is required. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Amended Complaint pertaining to the amount in controversy, and, therefore, denies the same.

10. Denied as stated. It is admitted that defendant Laeisz was the manager of the SEA PANTHER, that "Priwall" owned the vessel, and that defendant Crowley American Transport was charterer of the vessel on August 25, 2000. The remaining averments in paragraph 10 of the

0734814.01

Amended Complaint are conclusions of law to which no response is required. However, not in derogation of the foregoing objection, the loading and discharging stevedores had primary responsibility for the proper loading, lashing, securing, unlashing and discharging of the containers from the SEA PANTHER.

11.   Admitted.

12.   Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of the Amended Complaint and, therefore, denies the same. However, it is specifically denied that plaintiff was a business visitor aboard the vessel on the date in question.

13.   Denied as stated. It is admitted only that the SEA PANTHER was being discharged by an independent stevedoring contractor on August 25, 2000. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 13 of the Amended Complaint and, therefore, denies the same.

14.   Denied as to answering defendant.

15.   It is denied that answering defendant was careless and/or negligent. Answering defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in paragraph 15 of the Amended Complaint and, therefore, denies the same.

0734814.01

## Count II

16. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Amended Complaint and, therefore, denies the same.

17. Answering defendant's responses to paragraphs 1 through 15 are hereby incorporated as though set forth fully at length.

18. It is denied that plaintiff's wife is entitled to any relief under Section 905(b) of the Longshore and Harbor Workers' Compensation Act.

### FIRST SEPARATE DEFENSE

Plaintiffs have failed to state a claim against answering defendant for which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs' exclusive remedy is provided by the Longshore and Harbor Workers' Compensation Act.

### THIRD SEPARATE DEFENSE

Answering defendant avers upon information and belief that as a result of the injuries alleged in this suit, plaintiff Cornelius Hill received compensation benefits through the Longshore and Harbor Workers' Compensation Act ("LHWCA") from his employer and his employer's insurer. Plaintiff Cornelius Hill is, therefore, not the real party in interest with respect to that portion of the total claim of damages which represents compensation already paid and/or to be paid

0734814.01

the plaintiff under any provisions of the LHWCA to which the plaintiff's employer or his employer's insurer had thereby become subrogated.

### FOURTH SEPARATE DEFENSE

Plaintiff is not the real party in interest and the Amended Complaint herein is barred inasmuch as the cause sued upon has been statutorily re-assigned to the stevedore employer pursuant to §933(b) of the LHWCA.

### FIFTH SEPARATE DEFENSE

Plaintiff's alleged injuries and/or losses, said injuries or losses being denied, were entirely or substantially caused by the plaintiff's own negligence and/or the negligence of his employer and/or the negligence of co-defendant and/or the negligence of other parties or persons for whom the answering defendant has no responsibility.

### SIXTH SEPARATE DEFENSE

The condition alleged by plaintiffs, the existence of which is denied by answering defendant, was open and obvious and exclusively within the operational control of the plaintiff and his employer, the expert stevedore.

### SEVENTH SEPARATE DEFENSE

Plaintiff assumed the risk of any alleged injuries and/or alleged accident.

### EIGHTH SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages.

### NINTH SEPARATE DEFENSE

0734814.01

The negligence of the expert stevedore, including the plaintiff longshoreman, was the sole cause of the alleged accident.

### TENTH SEPARATE DEFENSE

Plaintiff was guilty of contributory negligence and, therefore, any recovery by plaintiffs must be reduced by the percentage share of plaintiff's negligence.

### ELEVENTH SEPARATE DEFENSE

Answering defendant owed no duty to plaintiff.

### TWELFTH SEPARATE DEFENSE

Answering defendant raises the defense of lack of personal jurisdiction.

WHEREFORE answering defendant prays that judgment be entered in its favor and against the plaintiffs, dismissing plaintiffs' Amended Complaint at plaintiffs' cost, together with an award of attorney's fees and such further relief as this Honorable Court deems appropriate under the circumstances.

RAWLE & HENDERSON LLP

By: *(signature)*
Carl D. Buchholz, III
Charles W. McCammon
Attorneys for Defendant,
Laeisz Schiffahrtsges.mbH & Co.

The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

0734814.01

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of our Answer on behalf of defendant F. Laeisz Schiffahrtsges.mbH & Co. was sent by first-class mail, postage prepaid, to the following counsel of record:

E. Alfred Smith, Esquire
**E. Alfred Smith & Associates**
1333 Race Street, Second Floor
Philadelphia, PA 19107

RAWLE & HENDERSON LLP

By: _____
Carl D. Buchholz, III, Esquire
Identification No. 14085
Charles W. McCammon, Esquire
Identification No. 85657
Attorneys for Defendant,
Crowley American Transport, Inc.

The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

DATED: October 24, 2002

0734814.01

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CORNELIUS HILL :
and :
TRUDIE HASTINGS HILL, H/W :
 :
Plaintiffs, :
 : NO. 02-CV-2713
v. :
 :
SCHIFFAHRTSGESELLSCHAFT :
MS PRIWALL mbH & CO. KG :
and :
N.B. NIEDERELBE SCHIFFAHRTSFES. :
mbH & CO. :
and :
F. LAEISZ SCHIFFAHRTSGES.mbH & CO. :
and :
CROWLEY AMERICAN TRANSPORT :
 :
Defendants. :

**ANSWER OF DEFENDANT SCHIFFAHRTSGESELLSCHAFT MS PRIWALL mbH & CO. KG, TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Schiffahrtsgesellschaft MS Priwall mbH & Co. KG ("Priwall"), by and through its attorneys, Rawle & Henderson, LLP, answers plaintiffs' Amended Complaint as follows:

1. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' Amended Complaint and, accordingly, denies same and demands proof thereof.

2. It is specifically denied that Priwall regularly conducted business in the Commonwealth of Pennsylvania. It is admitted that Schiffahrtsgesellschaft MS "Priwall" mbH. & Co. KG was the owner of the SEA PANTHER on August 25, 2000.

0736820.01

3. It is admitted that defendant Laeisz is a corporation incorporated in the Republic of Germany. The remaining allegations contained in paragraph 3 of plaintiffs' Amended Complaint are denied.

4. The allegations contained in paragraph 4 of plaintiffs' Amended Complaint are directed to another entity, and are neither admitted nor denied by answering defendant.

5. The allegations contained in paragraph 5 of plaintiffs' Amended Complaint are directed to another defendant, and are neither admitted nor denied by answering defendant.

6. The allegations contained in paragraph 6 of plaintiffs' Amended Complaint are directed to another entity, and are neither admitted nor denied by answering defendant.

7. The allegations contained in paragraph 7 of plaintiffs' Amended Complaint are directed to another entity, and are neither admitted nor denied by answering defendant.

8. The allegations contained in paragraph 8 of plaintiffs' Amended Complaint are averments of law to which no response is required.

9. The allegations contained in paragraph 9 of plaintiffs' Amended Complaint concerning jurisdiction are conclusions of law to which no response is required. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Amended Complaint pertaining to the amount in controversy, and, therefore, denies the same.

10. Denied as stated. It is admitted that defendant Laeisz was the manager of the SEA PANTHER, that "Priwall" owned the vessel, and that defendant Crowley American Transport was charterer of the vessel on August 25, 2000. The remaining averments in paragraph 10 of the

0736820.01

Amended Complaint are conclusions of law to which no response is required. However, not in derogation of the foregoing objection, the loading and discharging stevedores had primary responsibility for the proper loading, lashing, securing, unlashing and discharging of the containers from the SEA PANTHER.

11. Admitted.

12. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of the Amended Complaint and, therefore, denies the same. However, it is specifically denied that plaintiff was a business visitor aboard the vessel on the date in question.

13. Denied as stated. It is admitted only that the SEA PANTHER was being discharged by an independent stevedoring contractor on August 25, 2000. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 13 of the Amended Complaint and, therefore, denies the same.

14. Denied as to answering defendant.

15. It is denied that answering defendant was careless and/or negligent. Answering defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in paragraph 15 of the Amended Complaint and, therefore, denies the same.

0736820.01

## Count II

16. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Amended Complaint and, therefore, denies the same.

17. Answering defendant's responses to paragraphs 1 through 15 are hereby incorporated as though set forth fully at length.

18. It is denied that plaintiff's wife is entitled to any relief under Section 905(b) of the Longshore and Harbor Workers' Compensation Act.

### FIRST SEPARATE DEFENSE

Plaintiffs have failed to state a claim against answering defendant for which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs' exclusive remedy is provided by the Longshore and Harbor Workers' Compensation Act.

### THIRD SEPARATE DEFENSE

Answering defendant avers upon information and belief that as a result of the injuries alleged in this suit, plaintiff Cornelius Hill received compensation benefits through the Longshore and Harbor Workers' Compensation Act ("LHWCA") from his employer and his employer's insurer. Plaintiff Cornelius Hill is, therefore, not the real party in interest with respect to that portion of the total claim of damages which represents compensation already paid and/or to be paid the plaintiff

0736820.01

under any provisions of the LHWCA to which the plaintiff's employer or his employer's insurer had thereby become subrogated.

### FOURTH SEPARATE DEFENSE

Plaintiff is not the real party in interest and the Amended Complaint herein is barred inasmuch as the cause sued upon has been statutorily re-assigned to the stevedore employer pursuant to §933(b) of the LHWCA.

### FIFTH SEPARATE DEFENSE

Plaintiff's alleged injuries and/or losses, said injuries or losses being denied, were entirely or substantially caused by the plaintiff's own negligence and/or the negligence of his employer and/or the negligence of co-defendant and/or the negligence of other parties or persons for whom the answering defendant has no responsibility.

### SIXTH SEPARATE DEFENSE

The condition alleged by plaintiffs, the existence of which is denied by answering defendant, was open and obvious and exclusively within the operational control of the plaintiff and his employer, the expert stevedore.

### SEVENTH SEPARATE DEFENSE

Plaintiff assumed the risk of any alleged injuries and/or alleged accident.

0736820.01

## EIGHTH SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages.

## NINTH SEPARATE DEFENSE

The negligence of the expert stevedore, including the plaintiff longshoreman, was the sole cause of the alleged accident.

## TENTH SEPARATE DEFENSE

Plaintiff was guilty of contributory negligence and, therefore, any recovery by plaintiffs must be reduced by the percentage share of plaintiff's negligence.

## ELEVENTH SEPARATE DEFENSE

Answering defendant owed no duty to plaintiff.

## TWELFTH SEPARATE DEFENSE

Answering defendant raises the defense of lack of personal jurisdiction.

## THIRTEENTH SEPARATE DEFENSE

Answering defendant raises the defense of improper/insufficient service of process.

0736820.01

WHEREFORE answering defendant prays that judgment be entered in its favor and against the plaintiffs, dismissing plaintiffs' Amended Complaint at plaintiffs' cost, together with an award of attorney's fees and such further relief as this Honorable Court deems appropriate under the circumstances.

RAWLE & HENDERSON LLP

By: _____
Carl D. Buchholz, III
Charles W. McCammon
Attorneys for Defendant
Schiffahrtsgesellschaft MS Priwall mbH
& Co. KG

The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

0736820.01

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of our Answer on behalf of defendant Schiffahrtsgesellschaft MS Priwall mbH & Co. KG was sent by first-class mail, postage prepaid, to the following counsel of record:

E. Alfred Smith, Esquire
**E. Alfred Smith & Associates**
1333 Race Street, Second Floor
Philadelphia, PA 19107

RAWLE & HENDERSON LLP

By: /s/ Carl D. Buchholz
Carl D. Buchholz, III, Esquire
Identification No. 14085
Charles W. McCammon, Esquire
Identification No. 85657
Attorneys for Defendant,
Schiffahrtsgesellschaft MS Priwall mbH & Co. KG

The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

DATED: October 25, 2002

0736820.01