UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS HILL and TRUDIE HASTINGS HILL, H/W, Plaintiffs vs. SCHIFFAHRTSGESELLSCHAFT MS PRIWALL MBH & CO. KG and REEDEREI F. LAEISZ G.M.B.H., ROSTOCK Defendants. | NO. 02-CV-2713<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL

**1.    The Opinion Testimony of Walter Curran.**

Defendants' explanation for Curran's surprise testimony does not make sense.

Defense counsel took the deposition of Dwight Jones, and he was unfettered in his questioning. Jones' testimony at trial was completely consistent with his deposition testimony, and the contention that it was "more specific" just doesn't wash.

Curran's testimony at trial was in two parts. On the first day his testimony following his qualifications was innocuous. On the second day he gave his opinions which were not in his report. On cross-examination he testified that his opinions during trial were not in his report. (Curran, Second Day, p. 16). He also admitted that he knew his report would be the basis for his trial testimony and that he put everything that was significant in his report. (Curran, Second Day, p. 19).

There is nothing in his testimony or in his report to suggest that Jones' testimony was not specific enough to enable him to render opinions, which he did.

His trial testimony was a complete surprise to plaintiffs' counsel and should not have been permitted.

Plaintiffs repeat that if they had known of Curran's testimony before trial, they would have compelled the production of the missing photographs to determine whether Curran was lying. They were not attached as an Exhibit to Defendants' Memorandum, so plaintiffs can only conclude that Curran had something significant to hide to protect his credibility.

**2.    The Superseding Cause Charge.**

There is no discussion whatsoever of the Edmonds case, and the superseding cause charge is completely inconsistent with the holding of that Supreme Court case.

It was not harmless error at all as evidenced by the verdict. The jury answered the only interrogatory they could answer if they found Jones' conduct to be a superseding cause.

Plaintiffs believe that defendants' argument completely makes their point.

**3.    The <u>Res</u> <u>Ipsa</u> <u>Loquitur</u> Issue.**

Plaintiffs' expert testified that the accident could not have happened without negligence on the part of the shipowner. (Ahlstrom, p. 41, 48, 51).

Plaintiffs can only restate that their original Brief spells out their contentions, and nothing is rebutted in Defendants' Memorandum.

**4.    The "Open and Obvious" Charge.**

Defendants have not rebutted plaintiffs' contentions on this point either. Jones not only testified that striking turnbuckles was a common practice on the Philadelphia waterfront, but so did plaintiff and defendants' witness, Ejsing, did also.

## CONCLUSION

For the foregoing reasons and those set forth in their original Brief, plaintiffs submit that the Court should set aside the jury's verdict and grant a new trial.

Respectfully submitted,

E. ALFRED SMITH & ASSOCIATES

EAS2320
E. Alfred Smith, Esquire
Attorneys for Plaintiffs

Dated: October 8, 2004